# Langley *v.* Pulliam, *et al.*

### *Ejectment.*

(Decided June 30, 1909.   50 South. 365.)

1. *Vendor and Purchaser; Bona Fide Purchaser; Notice; Third Person.*—Where a husband conveys a lot to his wife by deed which is not recorded and there was no change of possession, even if the husband and wife living together afterwards lived on the lot conveyed, that would not afford notice of the wife's rights in the lot as against those claiming as bona fide purchasers from the husband.

2. *Same.*—To render a purchaser at a foreclosure sale exempt from the effect of notice to the mortgagee of the existence of the wife's title, before the execution of the mortgage, it is essential that there should be proof of a valuable consideration for the mortgage or for the assignment at the time it was made; neither the fore-closure proceedings, the recitals in the mortgage nor those in the assignment could operate against the wife as proof of consideration paid, where the husband conveyed the lot mortgaged to the wife, before executing a mortgage on it, and the mortgage was assigned before the deed was filed for record, but the foreclosure was had after the recording of the deed.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. A. H. ALSTON.

[Langley v. Pulliam, et al.]

Ejectment by E. P. Langley against John Pulliam and others. The court directed a verdict for the defendant and the plaintiff appeals. Reversed and remanded.

JAMES W. STROTHER, for appellant. Actual notice of an unrecorded deed is as effectual as registration.— *Tutwiler v. Montgomery,* 73 Ala. 263. Notice to the agent or attorney is notice to the principal.—*Pepper v. George,* 51 Ala. 190; *Higman v. Camody,* 112 Ala. 275; *Scotch L. Co. v. Sage,* 132 Ala. 598. A party who sets up that he is a bona fide purchaser must prove purchase and payment.—*Ely v. Pace,* 139 Ala. 293; *Bynum v. Gold,* 106 Ala. 427; *Hodges v. Winston,* 94 Ala. 576.

E. M. OLIVER, for appellee. The bill of exceptions should be stricken because not signed within the time.— *Anniston E. & G. Co. v. Cooper,* 136 Ala. 418; *Gulf Y. P. L. Co. v. Munk,* 45 South. 222. The authority to sign the bill of exceptions having been lost by the lapse of time cannot be revived by an order or agreement subsequently made—*Ala. N. R. R. Co. v. Marcus,* 128 Ala. 255; *Florence v. Irwin,* 137 Ala. 277. The husband's debt to Slaughter was conclusively established by the decree in the chancery court.—23 Cyc. 1286 and Alabama cases cited in note 30. A purchaser for value without notice is not effected by notice to his grantor.— 23 A. & E. Ency of Law, 478.

DENSON, J.—In this case our first impression was that the bill of exceptions should be stricken from the record, upon the idea that the date of the adjournment of the circuit court was not shown by the record. Upon another inspection of the record we find that the date of adjournment is properly shown, and therefore the bill cannot be stricken, and the cause must be considered on its merits.

The action is statutory ejectment to try title to a town lot in Camp Hill, Ala. The plaintiff relied for recovery upon a deed executed to her by her husband, W. T. Langley, on the 15th day of June, 1893, but which was not filed for record until the 6th day of January, 1903. The deed was made upon a recited consideration of $400; but, aside from the recitals of the deed, there is no evidence that any consideration ever passed between the grantor and grantee. There was no change of possession of the lot, from the husband to the wife, after the execution of the deed. The husband and wife lived together, and, even if they lived on the lot conveyed, there was, in this state of the case, no notice of her title or rights as against those claiming as bona fide purchasers through the husband.—*Motley v. Jones*, 98 Ala. 443, 13 South. 782; *Kindred v. New England, etc., Co.*, 116 Ala. 192, 23 South. 56.

The defendant Walter Andrews offered in evidence a mortgage executed by W. T. Langley (husband of the plaintiff) to A. H. Slaughter on the 16th of June, 1894, conveying the lot in controversy, as well as other realty, to secure a debt of $2,579.68, recited as being at that time due from said Langley to said Slaughter. The record shows an assignment of this mortgage by Slaughter to S. M. Inman & Co., and one by Inman & Co., to J. E. Andrews. It also shows that a bill was filed in the chancery court of Tallapoosa county by J. E. Andrews against W. T. Langley, A. H. Slaughter, Inman & Co., and others, claiming through Langley, to foreclose said mortgage. It was averred in the bill that on the day the mortgage was executed W. T. Langley was indebted to the mortgagee, A. H. Slaughter, in the sum recited in the mortgage, and that the mortgage was given to secure the payment of that indebtedness. All of the defendants disclaimed any interest in the subject-matter

of the litigation, or suffered decrees pro confesso to be entered against them, except W. T. Langley, the mortgagor, who filed an answer denying the indebtedness recited in the mortgage, and setting up as a further defense that the execution of the mortgage was procured through duress. In December, 1902, on final hearing of the cause, the chancery court rendered a decree, on the pleadings and proof, ascertaining and decreeing that the debt recited in the mortgage and interest (amounting to something over $4,000) was due on the mortgage, and decreeing a foreclosure of the mortgage, and a sale of the land conveyed thereby. An appeal was taken from that decree to this court, and in February, 1905, a decree was here rendered, affirming the decree of the chancery court. Pending the litigation the complainant, J. E. Andrews, died, and the cause was revived in the name of Walter Andrews as his administrator. Sale was made by the register under the decree of December, 1902, and Walter Andrews (the defendant here) individually became the purchaser of the lands, including the lot here involved. The register's report shows a compliance with the terms of the sale by the purchaser, payment in full of the purchase money by him, and the report was confirmed, and a deed was made by the register to Walter Andrews, on March 20, 1905, conveying title to the lot there involved.

The proceedings of the chancery court and the register's deed were offered as evidence by the defendant, and were admitted over the objection of the plaintiff that she, not being a party to the proceedings, was not bound thereby. The record shows that the mortgage was assigned by Slaughter, the mortgagee, to Inman & Co., and by Inman & Co., to J. E. Andrews, before the plaintiff's deed was filed for record; but there is no proof to the effect that the mortgage or either of the assignments

was based on a valuable consideration. The appellee insists that the foreclosure proceedings, upon this proposition, are binding against all persons whomsoever, whether parties or not, and in support of the insistence cites 23 Cyc. 1286, and the Alabama cases cited in the note to the text. The Alabama cases are *Moore v. Curry,* 106 Ala. 284, 18 South. 46, *Bain v. Wells,* 107 Ala. 562, 19 South. 774, and *Sibley v. Alba,* 95 Ala. 191, 10 South. 831, and they only hold the proposition that a judgment, after its rendition, is conclusive evidence of the existence of the debt at the time of its rendition, but that it does not relate back and operate as proof of the consideration of the instrument upon which the judgment was rendered at the time of its execution.

It may be that the foreclosure proceedings were competent evidence, as connecting links between the purchaser's (Walter Andrews') deed from the register and the mortgage foreclosed; but he became the purchaser after the plaintiff's deed was filed for record, and to render him exempt from the effect of the notice to the mortgagee it was indispensable that there should be proof of a valuable consideration for the mortgage, or that the assignments were based upon valuable considerations at the time made. Neither the foreclosure proceedings, the recitals in the mortgage, nor those in the assignments, can operate against the plaintiff as proof of consideration paid.—*Buford v. McCormick,* 57 Ala. 428. The defendant's title depended upon the mortgage, and, in the absence of proof of consideration for it or for the assignments, plaintiff should have been allowed to make proof of notice to the mortgagee of the existence of her title before the mortgage was executed; and the court erred in giving the general charge at defendant's request.

The same consisderations adverted to, in respect to lack of proof of consideration for the mortgage and as-

[Swift, et al. v. Doe ex dem. Williams.]

signments, show the error of the court in .not allowing plaintiff to prove notice to Campbell of her title before he received his deed from W. T. Langley to the lot.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.