# A. D. Smith & Sons, Inc. *v.* Securities Co. of America.

## Specific Performance.

(Decided November 16, 1916.   Rehearing denied January 18, 1917.
73 South. 892.)

1. **Specific Performance; Relief; Accounting.**—Where an accounting was prayed for and a trust relation was shown to have subsisted between parties the accounting could be ordered although the specific performance of the contract to sell corporate stock was denied, for having properly acquired jurisdiction a court of equity will continue its exercise to do full and complete equity among the parties.

2. **Accounting; Complications.**—Where respondents had received three thousand ($3,000.00) dollars in cash and ninety shares of stock in complainant corporation, together with dividends on corporate stock which had been sold to complainant, and there were other indebtednesses growing out of the sale, a proper case for an accounting was presented.

3. **Corporations; Sale of Stock; Rescision.**—The mere failure of a purchaser of corporate stock to pay notes for deferred payments on such stock is no ground for rescision of the contract, unless there are stipulations to that effect in the contract or in the absence of provisions in the contract that the payments of the notes should be a condition precedent to a consummation of the sale.

4. **Equity; Relief; Conformity to Prayer.**—Relief cannot be awarded which is inconsistent with that prayed, or inconsistent with the facts averred although it is consistent with the evidence or proof.

5. **Cancellation of Instruments; Relief; Accounting.**—Where the bill is for the rescision of a contract, an accounting may be asked for and granted although the complainant failed as to rescision or specific performance.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by the Securities Company of America against A. D. Smith & Sons Inc. and others for specific performance of a contract of sale of corporate stock and for general relief.   Decree for complainants and respondents appeal.   Affirmed.

FORNEY JOHNSTON, W. R. C. COCKE and FRED FITE, for appellant.   BEDDOW & OBERDORFER, for appellee.

MAYFIELD, J.—The bill was filed for specific performance of a sale, or contract of sale, of all the capital stock of the appellant corporation to the appellee corporation, and for other relief, under general prayer for that purpose.

The entire capital stock of appellant corporation was owned by A. D. Smith, and his two sons, A. L. and M. D. Smith, who also constituted the officers and governing body of the corporation. The corporation was formed to conduct, and carried on, the business of insurance brokerage. The capital stock was divided into 220 shares of the par value of $100 each.

On the 12th of April, 1912, the stockholders entered into a contract of sale of all the capital stock to appellee, another insurance corporation, for the consideration of $9,000 worth of stock in appellee corporation and $18,000 in cash or certificates of deposit in solvent banks.

The bill alleged that the contract of sale was subsequently modified by mutual consent to the extent that $3,000 of the $18,000 should be paid in cash, and the remainder thereof settled by the execution and delivery by the purchaser of its three notes for $5,000 each, due successively August 1, 1912, October 1, 1912, and December 1, 1912; that as so modified, the contract of sale was fully executed by appellee corporation, but that appellants, as stockholders, failed and refused to deliver the 220 shares of the capital stock so purchased, but held the same, together with all dividends earned and rights accruing to the rightful holders of such stock, alleged to aggregate many thousands of dollars.

The bill also alleged that the appellants, as individuals, by virtue of the sale, became stockholders, officers, and agents of appellee corporation, and so acted for a year or more, and as such officers published prospectuses and advertisements of appellee corporation, holding it out as owning the capital stock of appellant corporation, that appellee's stock was sold on the faith of such advertisements, and that, after thus acting for more than a year, appellants now attempt to repudiate the sale and refuse to deliver the aforesaid 220 shares of appellant corporation stock to appellee corporation. In addition to specific performance, the bill sought an accounting to ascertain the dividends due on or to the capital stock since the date of the sale, together with other profits received by appellants, praying a decree for such amounts so ascertained.

Demurrer being overruled to the bill, defendants answered, denying many of the material allegations of the bill, alleging failure to pay the notes, and even denying the agreement to receive the notes in lieu of the $18,000 first agreed to be paid.

[A. D. Smith & Sons, Inc. v. Securities Co. of America.]

A hearing was had on the bill, answer, and much evidence offered by all parties, on which hearing the chancellor denied the relief as to specific performance, but ordered an accounting as prayed; and from this decree appellants prosecute this appeal.

(1, 2) It is insisted that, as the relief by specific performance was denied, no relief as for an accounting could or should have been awarded. We cannot accede to this insistence. A trust relation is shown to have subsided between the parties, and an accounting was therefore not only proper, but necessary, in order that justice and equity could be meted out to all the parties, and complete relief given. Equity having properly acquired jurisdiction, it would continue the exercise of it in order to do complete and full equity among the parties. The facts, which are undisputed, showed a proper case for an accounting in equity —which is all that has so far been done. Appellants had received $3,000 in cash, and 90 shares of stock in appellee corporation, together with the dividends on the stock sold to appellee; and there were shown to be other indebtednesses growing out of the sale or contract from appellants to appellee, and hence a fit case for accounting was shown.

(3) Appellants have shown no ground for a rescission of the sale or the contract of sale. The mere failure to pay the notes for the deferred payments is no ground for rescission, in the absence of stipulations to that effect in the contract, or in the absence of provisions to the effect that the payment of the notes should be a condition precedent to a consummation of the sale. There were no such provisions in the contract of sale. The contract merely shows that the modified contract was as to the notes a sale on credit pro tanto; and in such cases the failure to pay the deferred payments, without more, is no ground for rescission, whatever other remedy the vendor may have.

It is unnecessary to review the evidence in this case in detail; it has all been examined in detail, and closely analyzed, in the light of the aid of briefs of counsel on both sides, and we feel sure that the chancellor reached the correct conclusion. Certainly so far as the appellants have any cause of complaint.

It could serve no good purpose to further discuss the case made by the record. No new or difficult questions of law are presented. The chancellor reached the correct conclusion in all his rulings, both on questions of law and on the facts. Let the decree appealed from be affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

[A. D. Smith & Sons, Inc. v. Securities Co. of America.]

ON APPLICATION FOR REHEARING.

MAYFIELD, J.—It is on this application earnestly insisted by counsel for appellants that the decree rendered by the chancellor awarding an accounting was error to reverse, because the relief prayed as to specific performance was denied; that no relief such as that decreed could be granted under the bill unless specific performance was also awarded.

Counsel are in error in this contention. The bill not only contained a prayer for general relief consistent with the facts alleged, but also contained a special prayer for an accounting. The facts averred authorized an accounting, whether the contract was specifically enforced or not so enforced. The two reliefs were not inconsistent one with the other, but were wholly consistent; and the accounting should have been decreed on the facts alleged and proven (as it was done), notwithstanding specific performance was denied, or even had the contract been rescinded or annulled, as sought and insisted upon by appellants. The authorities cited and relied upon by appellants are not applicable to this case.

(4, 5) It is very true that relief cannot be awarded, which is inconsistent with that asked in the prayer, or inconsistent with the facts averred, even though it be consistent with the evidence or proof. Proof without allegata is as impotent as allegata without proof; the two must correspond to justify relief. These are the propositions insisted upon in the application for a rehearing. They are not denied or overlooked in this case. The bill prayed for an accounting. It averred facts (which were proven) that authorized—yea, even required—an accounting, in order not to deny to complainant a clear equitable right and remedy. This court and many others, and all the text-books which we have examined, announce the law to the effect that on a bill for specific performance or for the rescission of a contract, an accounting may be asked and granted, even though the bill fail as to specific performance or rescission.—*Allen v. Young,* 88 Ala. 344, 6 South. 747; *McWilliams v. Jenkins,* 72 Ala. 480; *Jones v. Gainer,* 157 Ala. 221, 47 South. 142, 131 Am. St. Rep. 52; *Powell v. Higley,* 90 Ala. 103, 7 South. 440; *Cowan v. Sapp,* 81 Ala. 525, 8 South. 212; *Aday v. Echols,* 18 Ala. 353, 52 Am. Dec. 225.