(75 South. 463)

AUTAUGA BANKING & TRUST CO. v. CHAMBLISS et al. (3 Div. 264.)

(Supreme Court of Alabama. April 26, 1917. Rehearing Denied May 24, 1917.)

1. JUDGMENT ☞785(2)—LIEN—PRIORITY.

A judgment creditor, without notice when filing its judgment for record that judgment debtor's wife claimed an equity in judgment debtor's land, secures a lien prior to such equity.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1359.]

2. JUDGMENT ☞785(2) — LIEN — CONSTRUCTIVE NOTICE OF EQUITY.

Where the recorded copy of a deed to a judgment debtor was altered so as to insert his wife's name as grantee, such altered record was not constructive notice to a judgment creditor of the wife's equity in the land.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1359.]

3. JUDGMENT ☞785(2) — LIEN — CONSTRUCTIVE NOTICE OF EQUITY.

Where a judgment debtor's wife owned a half interest in land, her possession thereof did not charge a judgment creditor with notice of her claimed equity in the judgment debtor's half interest in the land.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1359.]

4. CREDITORS' SUIT ☞4 — ESTABLISHING JUDGMENT LIEN.

While a judgment creditor may sell a judgment debtor's interest in land despite the fraudulent effort to substitute the name of the debtor's wife in the recorded deed, yet he may have equitable relief to render his judgment lien more effectual.

[Ed. Note.—For other cases, see Creditors' Suit, Cent. Dig. §§ 5, 8.]

5. MORTGAGES ☞151(5) — PRIORITY — JUDGMENT LIEN.

A recorded judgment lien is superior to an unrecorded mortgage of which the judgment creditor had no notice.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 320–322, 332–336.]

6. APPEAL AND ERROR ☞173(2)—RESERVING GROUNDS FOR REVIEW—HOMESTEAD EXEMPTION.

In suit to subject land to a judgment lien, the judgment debtor cannot first claim upon appeal that land was exempt as homestead property.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1120.]

Appeal from Chancery Court, Autauga County; Leon McCord, Chancellor.

Bill by the Autauga Banking & Trust Company against Joe A. Chambliss and Carrie Chambliss. Decree for respondents, and complainant appeals. Reversed and remanded.

The bill alleges a large indebtedness by Joe A. Chambliss to the bank which was reduced to judgment, and a certificate of said judgment duly filed for record in the office of the judge of probate of Autauga county, on November 10, 1913; execution duly issued upon said judgment with the return of no property found, and that complainant has been unable to locate property of defendant out of which to satisfy said judgment. It is al-

leged that on January 21, 1910, one L. A. Chambliss and wife executed and delivered to Joe A. Chambliss, for a valuable consideration, a warranty deed, conveying to him a certain interest in certain valuable lands in Autauga county, a copy of the deed being attached to the exhibit. It is alleged that said deed was filed in the office of the judge of probate, and recorded in deed book 40, p. 196, and that notwithstanding the deed was made and executed to Joe A. Chambliss, and was so recorded, said Chambliss did, after the deed had been so recorded, erase from the record his name wherever it occurred therein, and write in lieu of Joe A., the name, Carrie E., and in several places the initials, C. E., which makes the record appear as if the deed was made to Carrie E. Chambliss, the wife of Joe A. Chambliss, rather than to Joe A. Chambliss. This is alleged to be a fraudulent attempt to show a conveyance to Carrie Chambliss, the wife, with the intent of defeating complainant in the collection of its said indebtedness.

Eugene Ballard and P. E. Alexander, both of Prattville, and W. P. McGaugh, of Montgomery, for appellant. W. A. Gunter, of Montgomery, for appellees.

SAYRE, J. [1] It is clear beyond reasonable doubt that the appellee J. A. Chambliss was named as grantee in the deed executed by L. A. Chambliss on the 21st day of January, 1910. Thereby the legal title to an undivided half interest, the half interest in controversy, vested in the grantee named, and in him it still is. If the appellant Banking & Trust Company, at the time its certificate of judgment was filed for record, had no notice of the equity now asserted by the appellee C. E. Chambliss, wife of J. A. Chambliss, then appellant became and is now entitled to protection as an innocent purchaser for value without notice. Silvey v. Cook, 191 Ala. 228, 68 South. 37.

[2] It is also entirely clear that, after the deed from L. A. to J. A. Chambliss had been recorded in the office of the judge of probate, some person interested in the property and in the question propounded by this litigation and with a deliberate purpose to create a false record, mutilated and changed, or caused to be mutilated and changed, the recorded copy so as to make C. E. Chambliss appear therein as grantee instead of J. A. Chambliss. It is not necessary to state a definite finding as to the identity of the person who did or procured this wrong. It cannot be said that appellee C. E. Chambliss was the author of the wrong, nor can it be affirmed on the evidence that she was privy to this spoliation of the record, though it was done to put an apparent legal title in her. At this point we state our opinion, contrary to a suggestion advanced in the brief for appellees, that this criminally fabricated record could have no effect whatever as constructive notice to appellant of the alleged equity now claimed by C. E. Chambliss.

[3] The further proposition of appellees, and more worthy of consideration, is that appellant should be charged with notice of the equity claimed by C. E. Chambliss, viz. that she bought and in part paid for the interest in question before judgment rendered for appellant, and that by mistake the deed was made to J. A. Chambliss instead of to her—that appellant should be charged with notice by reason of the fact that at the time its judgment was filed for a lien under the statute, appellee C. E. Chambliss was in possession, claiming to own the entire fee. It is matter of serious doubt that she claimed to own the entire fee at that time, but, to avoid an unpleasant argument on the facts, it will be conceded. It is not pretended that otherwise than by reason of the fact that appellee C. E. Chambliss was in possession appellant had notice, actual or constructive, that C. E. Chambliss claimed to own the entire fee. She owned an undivided half interest, which she had previously acquired from her husband, her ownership of which has never been questioned, and at the time when appellant's judgment against the husband was filed for a lien they both, husband and wife, were in possession, residing upon the premises; and the question now is whether her possession in these circumstances should operate as notice to appellant of the equity, then secret in fact, which she now asserts in the half interest conveyed to her husband.

For convenience, and because such treatment presents that aspect of the case most favorable to appellee C. E. Chambliss—though it is not clear but that thereby too much is conceded to the unrestricted doctrine of marital equality in such matters—we consider the case as if the relation of husband and wife existing between J. A. and C. E. Chambliss were of no consequence as affecting the question of appellant's lien, as if to all appearances, at the time when appellant's judgment was filed for a lien, they were equally in possession. But prior to the date of the deed from L. A. to J. A. Chambliss, and so prior to the date of C. E. Chambliss' alleged purchase of the half interest in dispute, and all along, J. A. and C. E. had been in possession, residing upon the property together as man and wife; that is, we will say, as ostensible tenants in common. Appellant, as we have already indicated, is in the position of a purchaser of the legal title of an undivided half interest from J. A. Chambliss without notice of C. E. Chambliss' alleged equity other than that to be inferred from the fact that its vendor's ostensible cotenant was also in possession. This state of things was not apparently inconsistent with a perfect right in appellant's vendor to sell a half interest, and, under the authorities, appellant, having no intimation of C. E. Chambliss' alleged equity from any other source, was

under no duty to make inquiry of her. Munn v. Achey, 110 Ala. 628, 18 South. 299; Langley v. Pulliam, 162 Ala. 142, 50 South. 365; Motley v. Jones, 98 Ala. 443, 13 South. 782; McCarthy v. Nicrosi, 72 Ala. 332, 47 Am. Rep. 418. Appellant should therefore have been considered in the decree rendered by the court below as a purchaser for value of an undivided half interest in the property without notice of the equity alleged on behalf of the appellee C. E. Chambliss. Its unquestionable legal title, or rather its paramount lien on the legal title, must therefore prevail.

[4] Appellant has a remedy at law, for the interest of appellee J. A. Chambliss may be levied upon and sold notwithstanding the fraudulent effort, by whomsoever made,· to change the meaning of the record; but the creditor in a case of this kind will not be required to rely for the satisfaction of his demand upon the sale of a doubtful or obstructed title, but may have the aid of principles and processes peculiar to equity in clearing away the obstruction and rendering his legal lien more effectual. 6 Pom. Eq. Jur. § 887.

[5] The mortgage set up by appellee, cross-complainant, L. A. Chambliss, assuming for the argument that it was executed, or attempted to be executed, before the record of appellant's judgment was not recorded, nor is it contended that appellant had notice of it ·otherwise. It cannot prevail, either as a mortgage or as an agreement to give a lien, ·against the lien of appellant's recorded judgment.

[6] The brief for appellees J. A. and C. E. Chambliss contains the suggestion that the land in controversy was and is their homestead, and as such is exempt. This claim was not interposed in the court below, and the court should have ordered a sale of a one-half interest in the property to· satisfy the lien of appellant's judgment. Kennedy v. First Nat. Bank of Tuscaloosa, 107 Ala. 170, 18 South. 396, 36 L. R. A. 308; Clark v. Spencer, 75 Ala. 57, and cases cited in the annotation to section 4168 of the Code.

The decree will be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.