(91 South. 786).
TAYLOR et al. v. BURGETT. (1 Div. 223.)

(Supreme Court of Alabama. Dec. 22, 1921.)

1. Mortgages ⟬153—Prior unrecorded deed inoperative against mortgagee without notice.

Under Code 1907, § 3383, an unrecorded deed prior to that to mortgagor is inoperative against the mortgagee in good faith for a valuable consideration, connecting herself with the legal estate and having no notice, actual or constructive.

2. Mortgages ⟬186(3)—Burden of proof of mortgagee having notice of prior unrecorded deed stated.

Respondents, claiming under an unrecorded deed to mortgagor's wife prior to that to mortgagor, on complainant's showing that she is a mortgagee for valuable consideration in good faith, have the burden of showing that she had actual or constructive notice.

3. Appeal and error ⟬1008(3)—Determination of question of fact on depositions and oral testimony not disturbed, unless clearly wrong.

Trial court's determination of a question of fact on testimony partly by deposition and partly oral will not be disturbed, unless clearly wrong.

4. Mortgages ⟬186(5)—Finding on mortgagee having no constructive notice of prior unrecorded deed supported.

Evidence *held* to support finding that mortgagee had no constructive notice of an unrecorded deed prior to that to mortgagor.

5. Descent and distribution ⟬119(1)—Heirs not personally liable for deceased's debt.

Heirs of deceased are not personally liable for his debt.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill by Eleanor Sage Burgett, as administrator, against Mary Riley Taylor and others, to foreclose mortgage. Decree for complainant, and respondents appeal. Affirmed.

Sullivan & Stallworth, of Mobile, for appellants.

Under the facts in this case, the deed from Stallworth to Mrs. Riley will be presumed to have been delivered as of the date of its making and its acknowledgment. 181 Ala. 338, 61 South. 802; 15 Ala. 271; 11 Ala. 1028; 1 Greenleaf's Ev. 821. The title and posses-

---

⟬For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

:sion was in Mrs. Riley, passed at her death to her children, subject to the right of the husband to the life estate, and his possession was referable to such right. 61 Ala. 251; 109 Ala. 436, 20 South. 136; 97 Ala. 600, 12 South. 382, 604; 112 Ala. 166, 20 South. 604. Sections 1915 and 2353, Code 1886. The quitclaim deed to Riley could not convert his right to use the land into a title by possession against his children. 124 Ala. 329, 27 South. 461. The mortgagee was not protected under the quitclaim, because the deed to Mrs. Riley was not recorded, and hence was not a bona fide purchaser without notice. 112 Ala. 166, 20 South. 604; 46 Ala. 694; 31 Ala. 176; 67 Ala. 12; 69 Ala. 217; 178 U. S. 486, 20 Sup. Ct. 986, 44 L. Ed. 1157; 2 Story's Eq. Jurisprud. § 1502.

Gaillard, Mahorner & Arnold, of Mobile, for appellee.

Under the facts in this case, the mortgagee was a bona fide purchaser for value, and her administratrix is entitled to protection against the unrecorded deed of the wife. 202 Ala. 476, 80 South. 858; section 3383, Code 1907; 58 Ala. 150; 103 Mass. 491; 211 Mass. 5, 97 N. E. 77; 48 Minn. 21, 50 South. 1018, 31 Am. St. Rep. 616; 46 Mo. 239, 2 Am. Rep. 509; 52 Ill.·354; 64 Ala. 74; 110 Ala. 628, 18 South. 299; 72 Ala. 332, 47 Am. Rep. 418; 153 Ala. 444, 45 South. 251; 90 N. Y. 298; 31 Cal. 180, 89 Am. Dec. 167; 16 Cyc. 1074, 1075.

MILLER, J. This is a bill filed by the administratrix of the estate of Catherine G. Sage, deceased, to foreclose a mortgage executed by William A. Riley to her intestate, dated April 8, 1914, to secure a cash loan of $700. The mortgage is on a house and lot, particularly described therein, in Mobile, Ala. The mortgage debt was past due and unpaid when the bill was filed. William A. Riley, the mortgagor, died in July, 1917, intestate, before this suit was commenced, and his heirs are named as party defendants. They file answer in the nature of cross-bill, and aver that the title to the house and lot was in their mother, Francis I. Riley, wife of William A. Riley; that she died intestate on September 7, 1889; that one Nicholas .C. Stallworth conveyed it to her by deed dated December 1, 1887, and that they inherited this property from their mother, subject to the life estate therein of William A. Riley, their father and her husband; and that the mortgage is not a lien now on the property, their fee-simple title, but was a lien only on the life estate of William A. Riley, which has terminated by his death.

The deed of N. C. Stallworth, conveying the property to Francis I. Riley, was dated December 1, 1887; it was never recorded until January 31, 1919; and it was found in the wardrobe in the house in this place after the death of William A. Riley, and four or five years after the mortgage was executed, delivered, and recorded. William A. Riley and his wife, Francis, lived in this house on this lot from 1887 until her death in September, 1889, and he and their children, or some of them, continued to occupy it as a home until his death in 1917. The title to this property from the records is shown in Nicholas C. Stallworth. A deed conveying it to him by the heirs of Christiana Hogg, dated August 12, 1887, was duly acknowledged and recorded on August 12, 1887. Nicholas C. Stallworth died in 1899. There being no will the title descended to his heirs.

In 1914 William A. Riley made application to complainant's intestate, Mrs. Sage, to borrow $700 on this property, representing that he owned it. He secured an abstract of title to it, by an attorney, for Catherine Sage. This abstract showed said deed to Nicholas C. Stallworth, and a quitclaim deed from the heirs of said N. C. Stallworth to William A. Riley, quitclaiming and conveying their interest in said property for a recited consideration of $1. It was dated and acknowledged March 9, 1914. Catherine E. Sage loaned William A. Riley $700 cash, evidenced by note secured by said mortgage, which contains covenants of warranty of title. It is dated, acknowledged and duly recorded on the same day—April 8, 1914.

[1] Section 3383 of the Code of 1907, reads as follows:

"All conveyances of real property, deeds, mortgages, deeds of trust, or instruments in the nature of mortgages, to secure any debts, are inoperative and void, as to purchasers for a valuable consideration, mortgagees, and judgment creditors, without notice, unless the same have been recorded before the accrual of the right of such purchasers, mortgagees, or judgment creditors."

Was Catherine Sage a mortgagee for valuable consideration without notice of the unrecorded deed of Nicholas C. Stallworth to Francis I. Riley, and as such within the protection of the above section 3383 of the Code of 1907? She is a mortgagee; and the consideration is valuable—$700 cash loaned, secured by the mortgage. She connects herself with the record title, in Nicholas C. Stallworth by the mortgage executed by William A. Riley to her, and by the quitclaim deed of the heirs of Nicholas C. Stallworth, conveying their interest in it to William A. Riley. William A. Riley's actual, continuous possession of the property, claiming it as his own, for more than 25 years prior to the execution of the mortgage, also appears from the evidence. Justice Sayre, in Holly v. Dinkins, 202 Ala. 477, 80 South. 861, clearly wrote for this court:

"While a bona fide purchaser for value must connect himself with the legal estate (Shorter v. Frazer, 64 Ala. 74), the law is very clear

that where one claims title to land through an instrument that is not recorded, as do appellees in this case, his claim will fail against one who has purchased the land in good faith, for a valuable consideration, without notice, actual or constructive, of such claim: Chandler v. Tardy."

The cross-respondents, as heirs of Francis I. Riley, claim title to this lot through a deed to her that was not recorded until nearly 5 years after this mortgage of Catherine Sage was executed and recorded, and nearly 4 years after it matured. Catherine Sage is a mortgagee of the property in good faith for valuable consideration, and connects herself with the legal estate; and, as such, is entitled to equal protection with a vendee, a purchaser in good faith, for valuable consideration, against an unrecorded deed. Rogers v. Adams, 66 Ala. 600; Coleman v. Smith, 55 Ala. 369; Earle v. Fiske, 103 Mass. 491.

[2-4] So the real question is: Did Catherine Sage have notice, actual or constructive, of the unrecorded deed of Nicholas C. Stallworth to Francis I. Riley before the mortgage was executed and delivered to her by William A. Riley and before the $700 cash consideration was paid to him? If she did not have such notice, then the unrecorded deed is void as to her mortgage and the debt it secures. The burden is on the cross-respondents, as the evidence of complainant without dispute shows Catherine Sage is a mortgagee for valuable consideration and in good faith. When that proof is made by her, the burden shifts to the cross-respondents, to prove that she (Catherine Sage) had actual or constructive notice of their equity, evidenced by the unrecorded deed, before the mortgage was executed and delivered and before the $700 cash consideration was loaned under it. Craft v. Russell, 67 Ala. 9; Barton v. Barton, 75 Ala. 400; Holly v. Dinkins, 202 Ala. 477, 80 South. 861.

We must look to the evidence to answer that question; and when the testimony is partly by deposition and partly oral in open court, as in this case, a question of fact thereon determined by the trial judge will not be disturbed, unless clearly wrong. Thompson v. Collier, 170 Ala. 469, 54 South. 493; Finney v. Studebaker Corporation, 196 Ala. 422, 72 South. 54. We have read all of the evidence in this case; and the opinion of the learned and experienced trial judge on the facts appears right to us. We concur fully with him in his finding of facts, which is clearly expressed in his opinion as follows:

"But, although Riley himself was chargeable with notice, and not within the protection of the statute, Mrs. Sage is within its protection, if she took her mortgage from Riley, for a valuable consideration and without notice. 23 Am. & Eng. Enc. of Law (2d Ed.) p. 512. That Mrs. Sage was a mortgagee for a 'valuable consideration' within the meaning of the statute, and that neither she, nor her agent, Mr. Burgett, who acted for her in the matter, had actual knowledge of the unrecorded deed, cannot be successfully controverted.

"Did she, or her said agent, have constructive notice? On this issue, the burden of proof is on the respondent to show to the reasonable satisfaction of the court, by the evidence, that either she or her agent, Burgett, at the time of the execution of the mortgage, had knowledge of some fact or facts which should have put her or him on inquiry and that reasonable inquiry by her or him would have led to the discovery of the execution of the deed. So far as the evidence discloses, Mrs. Stallworth, the widow of N. C. Stallworth, was the only living person who had any knowledge on the subject to impart. Clearly, respondents had none and there is nothing in the evidence to show that Stallworth's heirs, all of whom were born after their father had executed the deed to Mrs. Riley, could have given any information regarding the deed, and inquiry from either the respondents or Stallworth heirs would have been futile. And there is nothing in the evidence to show that Mrs. Sage, or Mr. Burgett, knew that Stallworth's widow was living, or where she lived, or that she had any knowledge on the subject, and the presumption cannot be indulged that she did have any knowledge.

"The property had been conveyed by her husband to Mrs. Riley prior to their marriage and she had no interest in it. She was a mere stranger to the title, and cannot be supposed to have known anything about it. The court is of the opinion and finds as a matter of fact, that neither Sage nor her agent, Burgett, is chargeable with constructive notice of the execution of the unrecorded deed, and that as she was a mortgagee for a valuable consideration, without notice, actual or constructive, she is within the protection of section 3383 of the Code and entitled to relief, and that the respondents must be denied relief on their cross-bill and their cross-bill must be dismissed; and it will be so ordered."

Mrs. Stallworth, the widow of N. C. Stallworth, was examined orally in open court. Under the evidence in this cause the unrecorded deed of N. C. Stallworth to Francis I. Riley is void as to the mortgage of William A. Riley to Catherine G. Sage and the debt it secures. The property in the mortgage is liable for the debt secured by it. The court did not err in so decreeing.

[5] There was no error in ordering a reference to ascertain the amount of it. We find no error in the decree fixing it, based on the report of the register and the evidence in the cause. The court properly ordered the property sold to pay it. This is a debt of William A. Riley, deceased, and not of his heirs. The heirs are not liable for it. If the property, when sold, brings an amount insufficient to pay the debt, then no decree for the balance due can be rendered against the cross-respondents for it. They can, if they desire, pay the amount due, including interest and the costs of the cause, and thus prevent the sale of the property. Such is in

legal effect the decree of the trial court. We find no error in it, and it is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.