(94 South. 573)

**PAKE et al. v. LINDSEY MILL CO., Inc.**
**(1 Div. 222.)**

(Supreme Court of Alabama. Nov. 2, 1922.
Rehearing Denied Dec. 7, 1922.)

**1. Evidence ⬤�José414—True date of mortgage may be shown by parol.**

The true date of the execution and delivery of a mortgage may be shown by parol evidence to be different from the date stated.

**2. Mortgages ⬤➟186(2)—Defense before not pleaded held not available.**

In a suit by a purchaser to cancel a mortgage executed by his vendor after the purchase, the defense that the mortgage, though bearing a date subsequent to the sale to complainant, was in fact executed prior thereto, is not available, unless it was pleaded in the answer and cross-bill.

**3. Mortgages ⬤➟186(2)—Priority of lien is affirmative defense.**

The superiority of the lien or equity of a mortgage over a contract for sale because executed before the sale is an affirmative defense in a suit by the purchaser to cancel the mortgage, which the respondent must plead and prove.

**4. Mortgages ⬤➟186(3)—Proof of purchase for value requires claimant of prior equity to prove notice.**

Proof that complainant purchased the timber in controversy, and paid value therefor, requires respondents, who claimed their unrecorded mortgage was a lien prior to the sale, to prove affirmatively that the purchaser had notice of the mortgage.

**5. Vendor and purchaser ⬤➟232(8)—Possession of purchaser under unrecorded conveyance is constructive notice of his title.**

The open, notorious, and exclusive possession of real property by a purchaser holding under an unrecorded conveyance, and claiming the land as owner, is constructive notice of his title.

**6. Vendor and purchaser ⬤➟232(11)—Joint possession is not constructive notice of purchaser's title.**

Where the possession of vendor and purchaser was joint at the time of the conveyance, and the ambiguity is not relieved by the vendor's subsequently vacating his occupancy, the rule that the purchaser's possession is notice of his title does not obtain.

**7. Vendor and purchaser ⬤➟232(8)—Possession of timber held sufficient to give notice of title.**

Where a purchaser of timber under an unrecorded conveyance, who had not theretofore been in possession of the land, took possession openly and notoriously, and proceeded with the construction of a mill and other necessary houses, constructed a railroad spur track, and began cutting timber and hauling logs to the mill, his open and visible acts of ownership were constructive notice of his title to the timber, since it was such evidence of possession as the nature of the property was susceptible of.

**8. Mortgages ⬤➟154(2)—Knowledge requiring inquiry as to purchaser's title is notice of title.**

That a subsequent mortgagee had knowledge of facts that called for inquiry as to the claim of a purchaser under an unrecorded conveyance charges him with knowledge of everything to which the inquiry would lead.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Bill by the Lindsey Mill Company, Inc., against H. B. Pake and A. L. Staples, to cancel a mortgage as a cloud on title. From a decree for complainant, defendants appeal. Affirmed.

In substance, the bill avers that on, to wit, November 5, 1917, the appellants sold and conveyed all the merchantable timber upon lands described to one J. M. Dennis, for a consideration in part cash and in part evidenced by notes, a vendor's lien being retained to secure the deferred payments. Recordation of the instrument is alleged, and a copy exhibited with the bill. All deferred payments except the note maturing November 5, 1919, are averred to have been paid and satisfied. On, to wit, October 20, 1919, it is alleged, the said Dennis was erecting a sawmill on the lands in question, and on said date complainant purchased from Dennis the said sawmill and all merchantable pine, oak, and poplar trees, standing or lying upon the lands described, and upon other lands, the conveyance to which was recorded on November 14, 1919, and a copy of which is exhibited with the bill. A portion of the purchase price was paid in cash, the balance in deferred payments, evidenced by notes, and it is averred that complainant is not in default in any of said payments, but has met the same as they have respectively fallen due.

It is alleged that immediately upon execution of the conveyance by Dennis the complainant went into possession, began the completion of the sawmill, employing 10 to 12 men, proceeded to grade and have built a spur track upon the lands described, and erected a commissary and blacksmith's shop, employing 20 men; that on January 5, 1920, complainant leased the pine timber on said lands to J. M. Dennis, for turpentine purposes, and that said Dennis, since said time, has been working the timber for turpentine. It is alleged that since the said conveyance was executed by Dennis complainant has been in open, visible, continuous, adverse possession of the timber in question, and that it was in such possession at the time the respondents conveyed a large portion of the lands in question to Dennis, and took from Dennis a mortgage thereon to secure a part of the purchase price, and that complainant is now in such possession of said timber.

It is alleged that the conveyance of the realty was executed by respondents to Dennis

on October 30th, 1919, which was recorded November 8, 1919, and that Dennis executed to the respondents a mortgage to secure the unpaid balance of the purchase price. Copies of the deed and mortgage are exhibited with the bill.

It is alleged that in and by the deed from respondents to Dennis it is provided that that conveyance "shall not be construed as releasing or satisfying the balance due by the said Dennis for the purchase price of said timber, or in any other way changing or affecting the terms and conditions of the agreement conveying said timber to him, but the same shall remain in full force and effect, to be performed according to the terms thereof"; that the mortgage from Dennis to respondents fails to show that the timber on said lands is excepted therefrom, and that respondents now contend that said mortgage included the timber as well as the lands, and that it takes precedence over the deed executed by Dennis to complainant.

It is averred that, at the time respondent executed deed to Dennis to the lands, and at the time Dennis executed his mortgage thereon, respondents had notice that Dennis had sold and conveyed the timber to complainant.

Paragraph 6 of the bill reads in part as follows:

"That orator has paid the said H. B. Pake and A. L. Staples the note due November 5, 1919, together with all interest and other charges thereon, and secured by a vendor's lien retained in the deed in and by which the said H. B. Pake and A. L. Staples conveyed said timber described in paragraph 2 to the said J. M. Dennis, and that therefore the vendor's lien retained in said deed (Exhibit A) has been fully paid and discharged; * * * that said mortgage given by the said J. M. Dennis and his wife * * * on the lands therein described, together with the fact that the said H. B. Pake and A. L. Staples insist that it takes precedence, and has priority over the deed in and by which the said J. M. Dennis and his wife conveyed to orator the timber on the lands described in paragraph 2 hereof, constitutes a cloud upon orator's title to said timber, but orator avers that in truth and in fact, prior to the time said deed and mortgage * * * were executed, the said H. B. Pake and A. L. Staples had notice of the fact that orator had purchased all of the said pine, oak, and poplar timber, and that for that reason orator's deed has priority and preference over the said mortgage, * * * and that said mortgage, in so far as it includes, or undertakes to include, the pine, oak, and poplar trees and timber on the lands described in paragraph 2 hereof, should be canceled and held for naught, and that orator's deed should be decreed to have priority and to take precedence over said mortgage, so that it will have its timber, free from any and all liens, claims, or clouds thereon."

By answer and cross-bill respondents admit the sale of the timber to Dennis and the fact of payment set up in paragraph 6 of the original bill, as to the timber, but deny that they had any knowledge or notice of the sale of the timber by Dennis to the complainant, or of complainant's acts of ownership, and deny that complainant went into immediate possession of the timber upon execution of the timber deed by Dennis to him. It is insisted that in taking the mortgage in question from Dennis respondents had no notice of the deed by Dennis to complainant, and took said mortgage on the land and on the timber on the assumption that there was no incumbrance of any nature on said timber, other than the indebtedness due by Dennis, and it is contended that said mortgage is superior to complainant's deed to the timber.

It is further shown by the answer and cross-bill that default has been made by Dennis in the payments secured by his said mortgage, and that said mortgage is subject to foreclosure.

The prayer of the cross-bill is that respondent's title to the timber, under said mortgage, be declared superior to the title claimed by complainant under its deed; that complainant be enjoined from cutting the timber; and that the mortgage be foreclosed and all the property, land, and timber be sold to satisfy the same.

After hearing the court held the complainant entitled to relief, and dismissed the cross-bill, and from that decree respondents have appealed.

Barnett, Bugg & Lee, of Monroeville, and Stevens, McCorvey, McLeod & Goode, of Mobile, for appellants.

Equity, regarding that as done which ought to be done, will fix the effective date of the mortgage from Dennis to the respondents as October 19, 1919, the day on which the sale of the land was made, the mortgage agreed upon, and part payment made. 1 Jones, Mortg. (7th Ed.) § 164; 1 Jones, Liens, § 77. A mortgagee is a purchaser entitled to protection against unrecorded prior conveyances of which he has no notice. 66 Ala. 600; 38 Ala. 125. The possession of real estate by a vendee under an unrecorded deed operates as constructive notice of his right only when his possession is open, visible, exclusive, and unambiguous; such vendee's possession jointly with his vendor is not such notice. 109 Ala. 430, 20 South. 136; 175 Ala. 484, 57 South. 837; 72 Ala. 332, 47 Am. Rep. 418; 153 Ala. 443, 45 South. 251; 143 Ala. 597, 42 South. 110. Possession of standing timber by one other than the general owner of the land is a legal impossibility precluding an application of the doctrine of constructive notice by possession. A party sought to be charged with notice of an unrecorded timber deed must be shown to have had actual notice. 175 Ala. 484, 57 South. 837.

Smith, Young, Leigh & Johnston, of Mobile, and Hamilton, Page & Jones, of Evergreen, for appellee.

. Not having been pleaded, appellants can avail nothing by the contention that the mortgage was really made on October 19, 1919. 125 Ala. 372, 28 South. 30; 200 Ala. 638, 77 South. 12. But, if it be conceded that the mortgage should be treated as having been executed on that date, appellee is an innocent purchaser, having had no notice of that trade. 139 Ala. 293, 35 South. 877. Possession of standing timber is not an impossibility; and a person may have such possession as gives notice that he is claiming the timber. 81 Minn. 15, 83 N. W. 471, 83 Am. St. Rep. 362; 175 Ala. 184, 57 South. 724, Ann. Cas. 1914C, 1119; 205 Ala. 13, 88 South. 129; 64 Ala. 388; 119 Ala. 325, 24 South. 545; 172 Ala. 660, 55 South. 190; 178 Ala. 382, 59 South. 658.

THOMAS, J. The contest in equity is between a grantee and a mortgagee as to the superiority or initial right or title to standing timber.

[1, 2] The true date of execution and delivery of a mortgage may be shown by parol evidence (Formby v. Williams, 203 Ala. 14, 81 South. 682) under appropriate pleading. This is not available to appellants, since this material fact is not properly set up in their answer and cross-bill to authorize proof that the true date of the Dennis mortgage was October 19 (antedating appellee's deed), and not October 30, according to its purport and as it is averred in paragraph 4 of answer and cross-bill. The requirements of equity pleading are stated in Heflin v. Heflin (Ala. Sup.) 93 South. 719;[1] Manchuria, etc., Co. v. Donald, 200 Ala. 638, 639, 77 South. 12; Smith & Son v. Securities Co., 193 Ala. 493, 73 South. 892; Gamble v. Aultman & Co., 125 Ala. 372, 376, 28 South. 30.

[3] If it was the intention of respondents to make the contention that said mortgage gave a lien (Autauga Co. v. Chambliss, 200 Ala. 87, 75 South. 463) which was of the date anterior to complainant's deed and fixing their superior equity or title, such material fact must have been so pleaded; failing in this, they may not claim the benefit on submission of such a superiority if that fact be established by the evidence. Millard v. Millard, 221 Ill. 86, 77 N. E. 595. This was an affirmative defense (the superiority of lien or equity), the burden of which was upon the respondents to aver and prove. The instant answer did not apprise complainant of that defense sought to be resorted to, nor did it (as to the change of date) afford opportunity for preparation and rebuttal which is the purpose of pleading to which a complainant is entitled with respect to a matter of defense affirmative in character and relied upon to defeat the prima facie case made by the bill. 1 Sims' Ch. Pr. §§ 483–485; 10 R. C. L. § 211, p. 446; 21 C. J. § 545, p. 471.

Mr. Daniell says of the sufficiency of such an answer:

"It is, however, of great importance to the pleader, in preparing an answer, to bear in mind that, besides answering the plaintiff's case as made by the bill, he should state to the court, upon the answer, all the circumstances of which the defendant intends to avail himself by way of defense; for a defendant ought to apprise the plaintiff, by his answer, of the nature of the case he intends to set up, and that, too, in a clear, unambiguous manner; and, in strictness, he cannot avail himself of any matter in defence which is not stated in his answer, even though it should appear in his evidence." 1 Daniell's Ch. Pl. & Pr. (5th Ed.) star pages 712–713.

This rule is the subject of section 488 of Sims' Ch. Pr. p. 326.

[4] Aside from the foregoing, the president of appellee (Lindsey Mill Company) testified that he was actively in charge of the affairs of that company, and had no knowledge or notice of Pake and Staples' claim or alleged equity until long after the purchase of the land by his company. That is to say, complainant proved that it was a purchaser for value, and therefore the burden of going forward with the evidence shifted to the respondents in original bill to prove notice (Brooks v. Griel Bros., 202 Ala. 607, 81 South. 549) of defendants' alleged prior equity growing out of the contract of purchase of the lands and carried into the mortgage of date of October 30, 1919, by Dennis to Pake and Staples. There is no such proof on the part of such respondents whose mortgage was not filed for record until November 8, 1919. Complainant is within the protection of section 3383 of the Code. Taylor v. Burgett (Ala. Sup.) 207 Ala. 54, 91 South. 786. The rule as to a bona fide purchaser is:

"* * * * 'That the party pleading it must first make satisfactory proof of purchase and payment. This is affirmative, defensive matter in the nature of confession and avoidance, and the burden of proving it rests on him who asserts it. 'Ei incumbit probatio qui dicit.' This done, he need not go further, and prove he made such purchase and payment without notice. The burden here shifts, and if it be desired to avoid the effect of such purchase and payment, it must be met with counterproof that, before the payment, the purchaser had actual or constructive notice of the equity or lien asserted, or of some fact or circumstance sufficient to put him on inquiry, which, if followed up, would discover the equity or incumbrance.' Hodges v. Winston, 94 Ala. 578; Bynum v. Gold, 106 Ala. 434." Ely v. Pace, 139 Ala. 293, 298, 35 South. 877, 878.

[5, 6] It has been declared that the open, notorious, and exclusive possession of real property by a vendee holding under an unrecorded conveyance, and claiming the land as owner, is constructive notice of his title; where, however, the possession of the vendor and vendee was joint at the time of the sale and conveyance, and the ambiguity is not

[1] Ante, p. 69.

relieved by the vendee's subsequently vacating his occupancy, this rule would not obtain. McCarthy v. Nicrosi, 72 Ala. 332, 47 Am. Rep. 418; Autauga Bank & Trust Co. v. Chambliss, 200 Ala. 87, 75 South. 463; Holly v. Dinkins, 202 Ala. 477, 80 South. 861.

[7] Under the pleading and proof, respondents in original bill (Pake and Staples) must rest their claim upon the mortgage of Dennis to them as of the date it bears (October 30, 1919), and complainant's claim rests upon its deed from Dennis to Lindsey Mill Company of date of October 20, 1919. The evidence shows that before October 20, 1919, said grantee was not in possession of the land, but that on the next day after the conveyance its president (the active head and management of the corporation) actually took possession of the land for the corporation, and it was in its open, notorious possession, proceeded with the construction of the sawmill, builded houses (commissary, blacksmith shop, and houses for employees), constructed a railroad or spur track, cutting timber and hauling logs to the mill. Such open, notorious, and visible acts of ownership in the timber standing on the land, was such notice of which it was susceptible to all the world of its possession and of the exercise of the right or claim of ownership by the vendee under the deed of date of October 20, 1919, and from that date.

In McMillan v. Aiken, 205 Ala. 35, 40, 88 South. 135, the question of adverse possession of timber standing on lands, to which the fee was in another, held a physical fact that, according to the circumstances of the occupancy, may be sufficient to operate as notice to an adverse party claiming the timber or as calculated to stimulate inquiry, which, if followed up, would result in actual knowledge to other claimants. Holly v. Dinkins, 202 Ala. 477, 80 South. 861. In Irwin v. Shoemaker, 205 Ala. 13, 88 South. 129, respondent had set up adverse possession, cutting timber under contract to the time of the institution of the suit, erected houses for employees, and a saw and planing mill, constructed a commissary on and a railroad across the land. Held, that such "actual possession" was shown of the timber "as placed upon complainant the duty of first instituting an action at law." And the case of Christopher v. Curtis-Attalla Lumber Co., 175 Ala. 484, 57 South. 837, approving Bolland v. O'Neal, 81 Minn. 15, 83 N. W. 471, 83 Am. St. Rep. 362, was approved. These rulings were followed in McMillan v. Aiken, supra, declaring:

"Cessation of use of timber land in accordance with neighborhood custom and in conformity to some natural condition or agency making the custom necessary would not be an interruption of the user's possession if, when resumed, the use was connected with acts of possession which had gone before so as to become a part or continuation thereof, and not merely several occasional, desultory, or temporary acts of intermittent trespasses, so that, where the claimant of timber land at one time in the year deadened and cut trees thereon, and at another time in the year ran the timber off when there was a freshet, continuing these operations from year to year, possession was uninterrupted."

The possession of land essential to raise the duty of inquiry on the part of a purchaser is said to be "generally sufficient if it is such a visible possession as would naturally suggest inquiry upon the part of an ordinarily prudent person intending to purchase, though it must be open, notorious, and exclusive, as regards the purchaser's vendor, and, in consequence, unambiguous and unequivocal. O'Neal v. Prestwood, 153 Ala. 443, 449, 450, 45 South. 251; Simmons Creek Co. v. Doran, 142 U. S. 417, 442, 443, 12 Sup. Ct. 239, 35 L. Ed. 1063; 23 Ency. Law, pp. 504–506. The annual cultivation of land is one of the recognized evidences of a possession giving rise to the duty of inquiry by an intending purchaser." Sloss-Sheffield S. & I. Co. v. Taff, 178 Ala. 382, 389, 59 South. 658; Evans v. Bryan, 202 Ala. 484, 80 South. 868.

The acts of possession of the complainant over the standing timber in question for the purposes of cutting and preparing the same for market were such evidences of its possession and claim of ownership as that subject was susceptible, and that such acts of ownership were sufficient to suggest and stir to an inquiry that would have led to a full knowledge of the facts upon the part of an ordinarily prudent person intending to purchase.

[8] Moreover, there was evidence that one of respondents (Mr. Pake) had possession and knowledge of facts making due inquiry imperative—that called for inquiry, and everything to which inquiry would lead. Holly v. Dinkins, 202 Ala. 477, 80 South. 861; Veitch v. Woodward Iron Co., 200 Ala. 358, 76 South. 124; Alexander v. Fountain, 195 Ala. 3, 70 South. 669; Carroll Mercantile Co. v. Harrell, 199 Ala. 87, 74 South. 252. That is, the means of knowledge is the equivalent of knowledge, where there is the duty to inquire. Gill v. Moore, 200 Ala. 511, 520, 76 South. 453, for authorities; Evans v. Bryan, 202 Ala. 484, 80 South. 868; Street v. Treadwell, 203 Ala. 68, 82 South. 28; People's Bank v. McAleer, 204 Ala. 101, 85 South. 413.

We have carefully considered the evidence, and are of opinion that the decree of the circuit court, in equity, should be in all things affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.