[J. S. Carroll Merc. Co. v. Harrell.]

# J. S. Carroll Merc. Co. v. Harrell.

### Bill to Correct and Foreclose Mortgage.

(Decided February 8, 1917.   74 South. 252.)

Mortgages; Real Estate Mortgages; Recording; Constructive Notice; Faulty Description.—The recording of a mortgage, describing land as, "My share of the estate of heirs of W., which is one-fourth of said estate," although followed by a more particular description of land not owned by W., is sufficient to prevent a subsequent judgment attaching in priority to mortgage, under rule that whatever is sufficient to put a party on inquiry is enough to charge him with notice.

APPEAL from Pike Circuit Court.

Heard before Hon. A. B. FOSTER.

Bill by T. J. W. Harrell against H. Watson and the J. S. Carroll Mercantile Company. From a decree overruling demurrer of defendant Mercantile Company, it appeals. Affirmed.

Bill by T. J. W. Harrell against H. Watson and J. S. Carroll Mercantile Company, a corporation, its purpose being to correct the description in a mortgage given by H. Watson to complainant, Harrell, and to enforce a foreclosure of the mortgage as against a judgment lien acquired by the respondent mercantile company. The bill shows that respondent H. Watson, son of N. C. Watson, deceased, to secure a loan of money intended to execute to complainant a mortgage on his undivided one-fourth interest in the estate of his father; that the mistake in description of the land was made by the draftsman in preparation of the mortgage; that the land misdescribed was never owned by N. C. Watson or his estate, nor by H. Watson, the mortgagor, but the land correctly described in the mortgage was a part of the Watson estate; that said mortgage was executed December 10, 1912, and duly recorded in the probate office of Pike county on December 16, 1912. The judgment of the Carroll Mercantile Company was recovered January 25, 1916, and recorded February 3, 1916. The mortgage describes the land as follows:

"My share of the estate of heirs of N. C. Watson, which is one-fourth * * * of said estate, and is described as follows: S. ½ of S. E. ¼ of section 26, township 10, range 22, in all one hundred acres, more or less. Also ten * * * acres west of the

public road, which bounds this body of land on west. This land lies in Pike county, Alabama."

The complainant insists the true description should have been as follows:

"A one-fourth    *    *    *    undivided interest in the S. ½ of S. W. ¼, section 26, township 10, range 22; and ten    *    *    * acres west of the public road, which bounds this body of land on the west, in section 27, township 10, range 22, consisting of one hundred and ten    *    *    *    acres, situated in Pike county, Alabama."

Respondent, J. S. Carroll Mercantile Company, alone filed demurrers to the bill, taking the point that the record of the mortgage was insufficient as constructive notice to said respondent as a judgment creditor with a lien. From a decree overruling the demurrer said respondent prosecutes this appeal.

C. C. BRANNON and JOHN H. WILKERSON for appellant. E. L. BOROM for appellee.

GARDNER, J.—One question only is presented by this appeal, and that is as to whether the recording of the mortgage executed by respondent H. Watson to complainant, with description therein contained as shown by the foregoing statement of the case, was sufficient constructive notice to J. S. Carroll Mercantile Company to prevent its judgment lien attaching in priority to the mortgage. A natural and reasonable construction should be given the following language of the description: "My share of the estate of heirs of N. C. Watson, which is one-fourth    *    *    *    of said estate."

A natural construction of this language clearly indicates a direct reference to the one-fourth interest of the mortgagor in the estate of N. C. Watson. It was so construed by the court below, and in that interpretation we concur. This general description is followed by a more particular description by government numbers by which a portion of the land is erroneously described. The following quotation from *Gamble v. Black Warrior Coal Co.*, 172 Ala. 669, 55 South. 190, is applicable here: 'It is *  *  *  well settled law in this state that whatever is sufficient to put a party on inquiry is enough to charge him with notice. Means of knowledge may be equivalent to knowledge. Whatever is sufficient to put one on his guard, and call for in-

quiry, is notice of everything to which the inquiry would lead.—
*Cole v. B. A. Ry. Co.*, 143 Ala. 427 [39 South. 403]."

We are clear to the view that the notice acquired by the respondent before recovery of the judgment, by virtue of the record of the mortgage to complainant, was to the effect that the mortgage embraced the one-fourth interest of the mortgagor in the estate of N. C. Watson, and was sufficient to put it upon inquiry as to what constituted said estate; and such inquiry would have led to a knowledge of the fact that a portion of the land was incorrectly described.

The decree overruling the demurrer is correct, and will be accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.