(116 So. 411)

HILL v. STATE. (8 Div. 643.)

Court of Appeals of Alabama. March 13, 1928.

Rehearing Denied April 10, 1928.

The indictment was subject to demurrer, but is not void. In the absence of a demurrer challenging its sufficiency, the count will support a conviction. McGuire v. State, 37 Ala. 161; Harrison v. State, 144 Ala. 20, 40 So. 568.

The defendant objected to being put upon trial in the city hall in Decatur, Ala., on the ground that such was not the place designated by law for holding the sessions of the circuit court. We assume that this exception is abandoned, as no insistence regarding it is made in brief and on the face of the record there is nothing to substantiate the alleged facts.

In describing the place where defendant is charged with having manufactured whisky, it was competent for the witness to testify that there were six big stills there, and to state any other fact or facts tending to prove that they were all a part of one plant at which defendant was working and making whisky.

From the facts in evidence the jury was justified in finding that the six stills testified about were all a part of the same outfit to be used in the unlawful manufacture of whisky and that the defendant was in possession of the outfit, that he did manufacture whisky, or that he was an aider or abettor both as to the manufacture and the possession. The foregoing being the case, it was immaterial which one of the boilers defendant happened to be using at the time of the raid. No election was required. Of course, if there had been six different and complete outfits, there would be six separate and distinct crimes and a different question might be presented. But a person may own, possess, or operate an outfit having one or more units. In that event he is indicted for the whole, and not separately on each unit. The law would not permit such injustice.

The facts in the case justified the court in refusing the general charge as to each count.

The objection of defendant to the question propounded by the solicitor to the witness Willoughby, "When you were up there before, you figured the beer was ready to run on the morning you got back?" was not made until after the witness had answered, and the court overruled the objection for that reason. The objection came too late.

The other exceptions presented are without merit. While it is the law that the mere presence of a person at a still is not sufficient to convict, a presence at a still off in the woods and in an isolated place is ground for grave suspicion, and it takes but little additional evidence to make it a jury question.

We find no error in the record, and the judgment is affirmed.

Affirmed.

J. N. Powell, of Decatur, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

SAMFORD, J. The first count of the indictment charged that "Elbert Hill did distill, make or manufacture prohibited liquors or beverages," and the indictment after the second count, which was charged out by the court, concluded, "Against the peace and dignity of the state of Alabama."