(115 So. 848)

## DICKEY v. STATE. (8 Div. 638.)

Court of Appeals of Alabama. March 20, 1928.

See, also, 21 Ala. App. 644, 111 So. 426.

Bradshaw & Barnett, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J. The court has read the entire evidence in this case, sitting in banc. We are of the opinion that appellant's motion for a new trial should have been granted. And this on the ground of the insufficiency of the evidence to sustain the conviction. The books are full of cases in which it has been held, axiomatically, it is true, that the same rules of. evidence apply in prosecutions for violations of our prohibition statutes that apply in prosecutions for other criminal offenses. And where the evidence, as here, in a prosecution for distilling prohibited liquors, or for unlawfully being in possession of a still, etc., to be used for the purpose of manufacturing prohibited liquors, shows no more than that defendant was present at a still, not upon his premises, and that he caught in a bottle some of the whisky coming from the still, and tast-

ed it, and that he ran upon the approach of the officers, we think a conviction ought not to stand. Upon proof no stronger it would not stand for the conviction of any other offense. We realize there is a possibility, even probability, that appellant is guilty. But our judicial safeguards have been bought at too dear a price to be stricken down in order that some guilty person may not escape.

For the error in overruling appellant's motion for a new trial, the judgment is reversed, and the cause remanded.

Reversed and remanded.