81 So. 860; McKenzie v. State, 19 Ala. App. 319, 97 So. 155. As stated, charge 9 as applied to the facts in this case was not abstract. There was no attempt by the court in the oral charge, or otherwise, to give to the jury, fairly and substantially, the legal substance of said charge; therefore its refusal to defendant was error.

■ It was proper upon the trial of this case for the defendant to show bias, prejudice, and ill will upon the part of the alleged injured party Jordan toward defendant; but the manner resorted to in this connection as shown by the record was not permissible, and the court properly so held.

Other questions are presented—many of them without merit. As the case must be reversed, we will indulge no further discussion upon these points of decision, as no good purpose could be subserved by so doing.

The judgment of conviction, from which this appeal was taken, is reversed and the cause remanded.

ᴵ Reversed and remanded.

ously until, at least, the following Sunday morning. On the Saturday night that intervened, someˋ officers raided the said Lee Hill's home, and found in one room of said home a still for making whisky, a large quantity of beer, and some whisky. In another room of the home was Lee Hill's wife, and her children. In the room with the still, etc., the officers found this appellant. The still was hot, but there was testimony ˙that it would remain hot, under the conditions described in the testimony, for a period of 24 hours.

The above is substantially all that is shown by the state's testimony. There was none offered on behalf of the appellant.

We are of the opinion that the general affirmative charge, requested by him, in his favor, should have been given. For the error in its refusal the judgment is reversed and the cause remanded. Dickey v. State, 22 Ala. App. 375, 115 So. 848; Guin v. State, 19 Ala. App. 67, 94 So. 788.

Reversed and remanded.

(121 So. 7)

### LYLES v. STATE. (8 Div. 760.)

Court of Appeals of Alabama. March 19, 1929.

Bradshaw & Barnett, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J. One Lee Hill was put in jail on a. Friday night, and remained there continu-

(121 So. 2)

### GLOVER v. STATE. (7 Div. 500.)

Court of Appeals of Alabama. March 19, 1929.