(127 So. 255)

## BOLTON v. STATE.
8 Div. 933.

Court of Appeals of Alabama.
March 18, 1930.

Wm. Stell, of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

**RICE, J.**

Appellant was convicted of the offense of unlawfully distilling prohibited liquor.

We are still of the opinion that the law is as declared in the opinion in the case of Dickey v. State, 22 Ala. App. 375, 115 So. 848. But there are some circumstances, slight, it is perhaps true, that distinguish *this* case, from the one presented there. Here, the issue of appellant's guilt, vel non, was properly left to the jury.

After the state's witness Hudson had testified in the case, and been cross-examined, and after another state's witness had done so, the said witness Hudson was recalled by the state for some further examination, at which time he testified as to some matters which were omitted from his initial testimony. Upon the witness being cross-examined, for the second time, appellant's counsel, as was his right, propounded questions apparently with a view to discrediting said witness' testimony, given on his, what we will call, "second" examination, as to the matters about which the said witness had, true, possibly, through no fault of his own, remained silent on his "first" examination. One of such matters was as to appellant's having smut on his clothing, at the time he was discovered at a still. At a point in said last cross-examination, just after the witness had made this statement: "All that I know is that he was smutty and dirty. I wasn't asked about smut while ago. I testified in the case last week against Mr. Bolton," appellant's counsel put this question: "And there wasn't no smut came into the case, either, was there?" The witness answered: "Yes, there was." Whereupon, according to the bill of exceptions, the *court* stated: "There was smut testified about by the witnesses last week." Appellant promptly moved the court to exclude his said statement, but, instead of doing so, the court engaged in a colloquy with appellant's counsel which, in effect, overruled his said motion in a way more hurtful than would have been a simple statement that the same was overruled. Due exception was reserved.

We are of the opinion, and hold, that the indicated action, and ruling of the trial court constituted error, for which the judgment of conviction must be reversed. Whatever the court's opinion may be, of the impression a jury may be getting from the testimony of any certain witness, yet it is a matter solely for the jury, and the court should scrupulously refrain from injecting the tremendous weight of its office to influence the jury one way or the other. The appellant had the right, which he was exercising at the time, to thoroughly cross-examine the said witness, and it was bound, in the nature of things for him to be prejudiced in the exercise of this right, by the court making the statement we have quoted. See Powell v. State, 20 Ala. App. 606, 104 So. 551, and the cases cited in the opinion in same.

The other questions presented are of a simple nature, and may not arise upon another trial. They will not be passed upon here. For the error pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.