(130 So. 168)

## CRANE v. STATE.

**8 Div. 934.**

Court of Appeals of Alabama.
April 22, 1930.

Rehearing Denied May 20, 1930.

William Stell, of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

█ The demurrer to the indictment was not well taken. Appellant cites the case from this court of Hill v. State, 22 Ala. App. 422, 116 So. 411, to sustain him in his insistence in this connection. The Hill Case, supra, as reported, is inadvertent on the point in question and to that extent is overruled. Haithcock v. State (Ala. App.) 126 So. 890.[1] In the instant case the demurrers were properly overruled; the form and substance of the indictment here has many times had the approval of the appellate courts of this state.

██ There was a general verdict of guilty as charged in the indictment. Upon the trial there was ample evidence to justify the jury in the verdict rendered. This appellant was seen at the contraband still in question; the still was in full operation, with whisky being distilled or manufactured and running from the still into a container. Several gallons of the manufactured product and large quantities of beer and mash were at the still. The state's evidence tended to show that this appellant was actually engaged in the operation of the still, and the state's witnesses testified they saw him working at and with the still, and that no one else was present with him. The defendant testified as a witness in his own behalf, and stated he was merely passing through where the still was, on his way to his father's. He testified on his direct examination: "I did not have anything to do with the still. It was not my still. I was not helping make liquor on that still." And on cross-examination he testified to the same facts in substance. On his redirect examination, he was again asked by his counsel: Q. "And that still was not yours and you didn't have anything to do with it?" The court sustained the state's objection to this question and appellant's counsel appears to lay great stress upon the exception reserved to this ruling. There is no merit whatever in this insistence, the question called for a mere repetition of what the witness had al-

[1] 23 Ala. App. 460.

ready testified to more than once, and it was clearly within the court's discretion not to permit an examination of this character and thereby prolong the inquiry and trial indefinitely. Other exceptions reserved upon the trial are so clearly without merit no discussion is necessary.

There is no aspect of this case entitling the defendant to the general affirmative charge.

The motion for a new trial was properly overruled.

No error appearing, the judgment of conviction from which this appeal was taken is affirmed.

Affirmed.

