(137 So. 903)

### BOLTON v. STATE.
8 Div. 296.

Court of Appeals of Alabama.
June 23, 1931.

Rehearing Denied Aug. 4, 1931.

474

Wm. Stell and H. H. Hamilton, both of Russellville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, P. J.

This is the second appeal in this case. Bolton v. State, 23 Ala. App. 470, 127 So. 255. On the former appeal, at the instance of appellant, the judgment of conviction was reversed, and the cause remanded for another trial, because of certain errors committed by the trial court in the admission of testimony.

From the record now before us, it appears before entering upon the second trial of this case in the court below, the defendant interposed pleas of autrefois acquit, as against the whole indictment, upon the theory of having been acquitted of the offense charged in the second count of the indictment by the verdict of the jury on the former trial, wherein he was convicted under the first count only. The state demurred to these several pleas and the demurrers were sustained. On account of this action of the court, this appellant now insists that the court erred to a reversal.

It is true that by the verdict of the jury upon the former trial, wherein the accused was convicted under the first count of the indictment only, such verdict operated as an acquittal under the second count, and the defendant could not again be put to trial on that count. But from the record here, we find there was no attempt upon the part of the state to put the defendant on trial under the second count. The court instructed the jury on this question as follows:

"Gentlemen of the jury, this defendant stands trial here before you charged the offense of making and manufacturing prohibited liquor, contrary to the law and against the peace and dignity of the State of Alabama. There were originally two counts of the indictment. The first count in the indictment charging the manufacture of liquor, and the second count charging the possession of a still. For some reason on the former trial the jury found the defendant guilty as charged in the first count of the indictment, nothing being said as to the second count of the indictment. Inasmuch as the jury did not find him guilty under the second count of the indictment, as a matter of law the plaintiff could not submit the second count, because as a proposition of law where the defendant goes on trial and the jury returns a verdict of guilty as to the first count that equals to an acquittal on the other counts. Therefore, the only question before you is, not the possession of a still, but the only question is to whether this defendant manufactured liquor."

In addition to the foregoing, the court charged the jury in writing to the effect that no conviction could be had under the second count of the indictment. In other words, the appellant on the second trial was called upon to answer only the accusation contained in the first count of the indictment. This was in conformity to law, and it was immaterial what rulings were made as to the demurrers to the pleas. No injury followed to the accused, nor were his substantial rights infringed in any manner. His insistences here to the contrary are without merit, and cannot be sustained.

On this, the second trial in the court below, the evidence, without dispute or conflict, established the corpus delicti. The evidence on the question of the guilty participation by this appellant of the operation of the still in question was in conflict, and was

for the jury to determine; therefore, the requested affirmative charge as to the first count of the indictment was not in point and was properly refused. After a careful and attentive consideration of all the evidence adduced upon this trial, we are of the opinion that the jury were justified in the verdict rendered, and that such evidence was ample to support the judgment of conviction pronounced and entered.

Pending the trial, innumerable objections were interposed and exceptions reserved to the court's rulings upon the admission of evidence. In this connection, it is clearly apparent that this appellant was accorded a fair and impartial trial free from hurtful error. We find no merit in any of the exceptions, many of which were frivolous. We refrain from entering upon a detailed discussion of all of these exceptions, as no good purpose can be subserved by so doing. The trial court, by its rulings, carefully safeguarded the substantial rights of the accused and having been, as stated, accorded a fair and impartial trial, the appellant has no legal right to complain. The record is regular in all things. Let the judgment of conviction from which this appeal was taken stand affirmed.

Affirmed.