149 So. 858

**BAKER v. STATE.**
4 Div. 899.

Court of Appeals of Alabama.
May 16, 1933.

Rehearing Denied Sept. 12, 1933.

McDowell & McDowell, of Eufaula, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

There was evidence tending to prove that this defendant and a negro were together at a whisky still on a branch in Barbour county; that it was on land belonging to some one else; that he and defendant were alone at the still; that the still was in operation and whisky running; that defendant was seen to place a jar under the spout in which the whisky was running; that upon being approached by the officers the defendant fled. This was sufficient evidence upon which to base a verdict of guilt.

The above holding is not in conflict with the holding in Dickey v. State, 22 Ala. App. 375, 115 So. 848, where this court held that a new trial should be granted. In that case the defendant was present at the still and

caught some of the whisky running out and tasted it, and, when the officers came, he ran. In this case the defendant did more than catch some of the whisky and taste it. He placed under the spout a jar into which the whisky was to run. This was a part of the process of manufacture, and, while the difference in the facts in the two cases may be slight, it is a very distinct difference.

██ The manufacture of whisky consists of the making of the mash, putting it into the still, preparing and connecting the still, the building of the fire under the still, and the preservation of the liquor as it is distilled and runs from the spout. Any act tending to prove any of the above facts as having been done by the defendant would authorize a jury to find that defendant participated in the manufacture. On the other hand, if a person is merely present at a still and has no further connection with it other than to take a drink of the whisky after it was made, he would not be guilty. If, as in this case, he is found at a still, in an isolated place, with only one companion, with the still running whisky and he placing a receptacle to catch the run and on a warning from his companion of the approach of the officers fled, the case is for the jury. Hill v. State, 22 Ala. App. 422, 116 So. 411, Elmore v. State, 21 Ala. App. 410, 109 So. 114.

██ The questions asked defendant by the state, to which exceptions were reserved, were asked on cross-examination, in which a broad latitude should always be allowed. In these rulings of the court there was no error.

We find no error in the record, and the judgment is affirmed.

Affirmed.