Appellant-defendant, Russellville Flower Craft, Inc. (Flower Craft), was found by a jury to be liable to appellee-plaintiff, Olen Searcy, for breach of a written contract for the lease of motor vehicles. Damages to Searcy were assessed by the jury and judgment was entered by the trial court in accordance with the jury's verdict. Flower Craft appeals from that judgment.
 Facts
Olen Searcy began, in approximately 1954, to lease trucks to Flower Craft for the transportation of artificial flowers and floral supplies to various locations. During the period between 1954 and 1971, the parties operated pursuant to an oral contract. The parties first entered into a written contract in 1971. In October of 1973, Searcy and Flower Craft entered into a written agreement that Searcy provide for Flower Craft the use of six (6) vehicles. Payment to Searcy was to be made according to the mileage. The contract guaranteed mileage of 325,000 at a rate of twenty-six cents per mile with some provisions for fluctuations in fuel prices.
Flower Craft terminated the lease in October of 1974 when 281,076 miles had been logged on the trucks and paid for by *Page 480 
Flower Craft. Searcy sued to recover monies he contended were due him under the guaranteed mileage clause.
At trial, the central dispute between the parties was whether the 1973 contract between Searcy and Flower Craft provided the trucks were to be used exclusively by Flower Craft. Flower Craft contended Searcy had breached their agreement by "backhauling," the practice of loading the trucks with goods belonging to other merchants for the return trips. Searcy contended the contract was not exclusive and allowed for this practice.
 I
The first, and primary, issue raised by Flower Craft on appeal is whether the trial court erred by admitting extrinsic evidence to aid in the interpretation of the 1973 written contract.
It is axiomatic that rulings as to the admissibility of evidence rest largely within the discretion of the trial court. Such rulings will not be disturbed on appeal in the absence of a gross abuse of discretion. Dorcal, Inc. v. Xerox,398 So.2d 665 (Ala. 1981). We conclude that there was, in this case, no such abuse of discretion by the trial court.
While the trial court made no express finding that the contract was ambiguous, it, over objection by Flower Craft, allowed evidence regarding prior and subsequent contracts to be admitted to clarify the issue of exclusivity. In cases where there is no express finding by the trial court on a necessary matter, this court will presume such a finding was made if supported by the evidence. Matter of Estate of Amason,369 So.2d 786 (Ala. 1979); White v. White, 350 So.2d 326 (Ala. 1977). The record reveals that, at least as to the practice of "backhauling," the 1973 contract was ambiguous.
The record further reveals that extrinsic evidence was admitted for a limited purpose and the jury was adequately instructed that that evidence was to be considered in order to determine the intention of the parties in entering into the 1973 contract, and only for that limited purpose. For instance, the jury was instructed as follows regarding their proper consideration of the 1971 contract offered by the plaintiff as evidence:
 "There were 2 other contracts that were offered in evidence, and I want to instruct you that the case is based upon Plaintiff's Exhibit 1, that contract. There are 2 other contracts. There's Plaintiff's Exhibit 2, and Plaintiff's Exhibit 5. Ladies and gentlemen, I want to tell you that Plaintiff's Exhibit 5 was limited. That is, the contract dated January 1, 1971, and it is admitted into evidence for a very limited purpose. You are to consider that in the light of what was the dealings between the parties, what was there gives you some information concerning their background and their common in dealing with one another, but it is not what the lawsuit is based on. It is Plaintiff's Exhibit 1 that the lawsuit arises over, and so you are only to consider Plaintiff's Exhibit 5 for that limited purpose."
A more involved instruction was given the jury regarding the proper consideration of other extrinsic evidence admitted by the trial court:
 "Ladies and gentlemen, there is here an issue concerning the interpretation of the contract, or what does it mean, or what do certain provisions of the contract mean. What did the parties intend when they entered into this contract? Obviously, the contract speaks for itself and is in evidence. Ladies and gentlemen, the intent of the parties to a contract is determined by considering the relationship of the parties and what they said and what they did in all the surrounding circumstances. You will consider the nature of the contract, facts and circumstances leading up to the execution and attending the execution of the contract. The relation and condition of the party. The nature and condition of the subject matter, and the apparent purpose for making the contract. From a careful *Page 481 
consideration of all of these matters, ladies and gentlemen, you will determine from the evidence the intention of the parties at the time of the execution of the contract, and render a verdict based upon the intention of the parties. You will not attempt to alter the expressed intentions of the parties if they are clear and unambiguous. A person's secret intention in this section has no bearing, and only the intent that is indicated by his words and acts may be considered by you. Ladies and gentlemen, stated another way, if the words and the language of the contract are ambiguous or uncertain in any respect, then the surrounding circumstances including the construction placed on the language by the parties are to be taken into consideration by you so as to carry out the intention of the parties. Circumstances surrounding the contract are only considered when the terms are ambiguous and any ambiguity should be interpreted against the party drawing the contract, if the circumstances surrounding the contract do not make the terms of the contract clear."
Taken as a whole, the record reveals the trial court properly determined the 1973 contract was ambiguous regarding the practice by the plaintiff of "backhauling," and the trial court properly admitted extrinsic evidence for the limited purpose of determining the intention of the parties where the terms of the contract at issue were ambiguous.
 II
Second, Flower Craft contends the trial court erred by instructing the jury that it was to determine whether the contract was ambiguous. Where there is no conflict in the evidence as to what the terms of a contract are, its construction is for the court. However, when a contract is found to be ambiguous, but not void for uncertainty, it is within the province of the jury to ascertain the facts and draw inferences from them to determine the meaning of the contract. See McFadden v. Henderson, 128 Ala. 221, 29 So. 640 (1901); andDunlap v. Macke, 233 Ala. 297, 171 So. 721 (1937). It is clear from the trial court's evidentiary rulings that it determined certain terms of the 1973 contract were ambiguous. Therefore, it properly submitted the issue of its construction to the jury.
 III
Third, Flower Craft argues the trial court erred by commenting on the evidence to the jury. Certainly the trial court cannot charge the jury upon the effect of the evidence.Bolton v. State, 23 Ala. App. 470, 127 So. 255 (1930).
Specifically, Flower Craft complains of the trial court's instruction to the jury that "[t]he whole contract is in evidence, but I direct your attention to the provisions contained under Sec. VIII and sub Sec. b and d of the contract. Plaintiff's Exhibit `1,' dated October 15, 1983." These sections of the contract provide that Searcy was to be paid twenty-six cents per mile for a minimum of 325,000 miles. Flower Craft contends that, because those were the contractual clauses on which the plaintiff mainly relied, that particular instruction to the jury was a charge on the effect of the evidence violative of § 12-16-11, Code 1975.
We are not convinced by Flower Craft's argument that the trial court's instruction indicated bias or constituted a direction to the jury as to what their findings on the issue presented should be.
While Searcy's case against Flower Craft was clearly based on those clauses of the contract pointed out by the trial court, the record reveals the primary issue at trial was whether Searcy had breached an exclusive lease agreement with Flower Craft by "backhauling" so that Flower Craft was not liable to Searcy for the amounts complained of. The jury was instructed: "the first issue for your determination is whether there was performance under the terms of that contract by the Plaintiff, the Plaintiff being Olen Searcy." It is clear to this court that, when considered in light of the entire record, the charge to the jury whereby the trial court drew its attention to *Page 482 
specific portions of the contract relied on by the plaintiff created no discernible prejudice against Flower Craft, and did not constitute a comment on the evidence by the trial court.
Because the record before this court reveals no reversible error, the judgment of the court below is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.