Appeal by plaintiff, Lamar C. Martin, from summary judgment in favor of defendant, American Medical International, Inc. ("AMI"), in plaintiff's action based upon fraud. We affirm.
While an employee of Rawlins Security Service in 1973, plaintiff was assigned to Brookwood Hospital in Birmingham. In 1974, the hospital initiated its own security service and hired plaintiff as a security guard. Plaintiff ultimately became chief of the hospital's security force.
In 1979, plaintiff injured his left knee and, in 1980, underwent surgery at Brookwood Hospital. All of his expenses were paid by the hospital. Upon his recovery from this surgery, and at his own request, plaintiff became a regular security guard on the second shift. Meanwhile, in 1982, Brookwood Hospital was purchased by AMI.
Later, in 1983, plaintiff injured his right knee. This injury also required surgery, which the hospital provided at no expense. After this surgery, plaintiff returned to work. Sometime thereafter, apparently in August 1983, plaintiff had a discussion with Ms. Jimmie Lou Brown, the hospital's director of safety and security. Plaintiff's account of that conversation follows:
"Q. What did she tell you?
 "A. She just said we are going to put you on long term disability.
"Q. Anything else said in that conversation?
"A. Was all.
". . .
 "Q. Who told you that you were going to be placed on long term disability other than Jimmie Lou Brown, anybody?
"A. Nobody.
 "Q. Jimmie Lou Brown told you that you were going to get put on disability retirement?
 "A. Long term disability. That is what it said on paper.
 "Q. Okay. Nobody else out there told you that you were going to get put on long term disability?
"A. No."
This conversation was followed by the execution of a disability claim form, on plaintiff's request, by Ms. Brown. The form called for two physicians' reports, which were completed by Drs. Wise and Hardy. The forms were then delivered to the hospital's human resources department. In each physician's report, it was stated that plaintiff was not disabled. Plaintiff discussed his claim with Dave Phillips, who advised him of the necessity for a medical reevaluation before proceeding. Plaintiff had the hospital administrator intercede with Dr. Wise, who had previously operated on plaintiff's right knee; however, Dr. Wise did not respond, and plaintiff did not present to the hospital any further evidence of disability.
Ms. Brown testified that she "did not know that Drs. Wise and Hardy believed that Mr. Martin was not disabled"; "did not know that Mr. Martin would not qualify to receive those benefits"; and "did not know that Mr. Martin was not disabled." Even plaintiff himself testified that Ms. *Page 642 
Brown was not "trying to hurt [him] or anything."
Plaintiff brought this action against AMI and Prudential Life Insurance Company, an insurer of AMI, in four counts. Two claims were asserted against AMI: one for wrongful termination and another for fraud. After the completion of discovery, the trial court granted each defendant's motion for summary judgment, and plaintiff appealed.
The only issue presented on appeal is whether the trial court erred in granting AMI's motion for summary judgment on plaintiff's fraud count. The gravamen of that claim is "that on or about the 8th day of August, 1983, the defendant represented to the plaintiff that defendant was going to place plaintiff on long term disability pursuant to a disability policy defendant had with Prudential Insurance Company."
This allegation is of a representation or promise to perform an act in the future, not unlike the fraudulent statements alleged in McIntyre Electric Service, Inc. v. South Trust Bankof Mobile, 495 So.2d 1043 (Ala. 1986), and RussellvilleProduction Credit Ass'n v. Frost, 484 So.2d 1084 (Ala. 1986). Thus, as stated in P S Business, Inc. v. South Central BellTelephone Co., 466 So.2d 928 (Ala. 1985):
 "If the fraud is based upon a promise to perform or abstain from performing in the future, two additional elements must be proved [in addition to the elements of fraud]: (1) the defendant's intention, at the time of the alleged misrepresentation, not to do the act promised, coupled with (2) an intent to deceive."
Indeed, in Frost, 484 So.2d at 1086-87, this Court observed:
 "The failure to perform a promised act is not in itself evidence of intent to deceive at the time a promise is made. P S Business, Inc. v. South Central Bell Telephone Co., [466 So.2d 928 (Ala. 1985)]. If it were, the mere breach of a contract would be tantamount to fraud. Id.
 "A plaintiff may meet this burden of proving a present intent not to perform a future act as promised by circumstantial evidence, but the circumstances shown by the evidence of record must be such that the jury, as reasonable persons, may fairly and reasonably infer the ultimate fact sought to be proved from the evidence presented. Clanton v. Bains Oil Co., 417 So.2d 149 (Ala. 1982). . . .
 "Ordinarily, intent is a matter peculiarly within the province of the trier of fact. Walker v. Woodall, 288 Ala. 510, 262 So.2d 756
(1972). However, a jury does not have untrammeled discretion to speculate upon the existence of such intent. Purcell Co. v. Spriggs Enterprises, Inc., 431 So.2d 515 (Ala. 1983).
". . .
 "Unless a plaintiff puts forth some proof that there was something more than a failure to perform, something upon which a jury could infer that at the time the promise was made the defendant had no intention of performing, it is error to submit a fraud claim to the jury. P S Business, Inc. v. South Central Bell Telephone Co., supra."
The record establishes that the only conversation plaintiff had with Ms. Brown was held when she processed his application for disability benefits. Plaintiff did not adduce any evidence that she, or anyone else with whom he discussed his claim, was acting other than as administrative conduits in processing his application. Indeed, the very claim form which he himself delivered to the physicians, as doubtless he knew, required physicians' assessment of his physical condition for employment. Plaintiff himself conceded that Ms. Brown's conduct was not hurtful to him. The most plaintiff could adduce was that "it [ill will] had to come from somewhere else."
In short, plaintiff has failed to present a scintilla of evidence that Ms. Brown or anyone else who may have stated,arguendo, that the hospital "was going to place plaintiff on long term disability" did so with the intent at that time not to do it and with an intent at that time to deceive him. To arrive at an opposite conclusion, upon the record, would be speculation upon the requisite element of intent. Accordingly, the trial court was not in error in granting *Page 643 
summary judgment on the plaintiff's claim of fraud.
Let the judgment be affirmed.
AFFIRMED.
MADDOX, ALMON, ADAMS and HOUSTON, JJ., concur.