Dale Thomas Parker appeals from his convictions of first degree sodomy, first degree rape, and second degree kidnapping. The three charges were consolidated and appellant was found guilty by a Russell County jury. He was sentenced to 25 years, 25 years, and 10 years, respectively, with the sentences ordered to run concurrently.
Because appellant's arguments on appeal do not require an analysis of the facts leading to the charges against him, a lengthy recitation of those facts will be omitted. Suffice it to say that appellant allegedly abducted a 15-year-old girl at knifepoint and carried her to an isolated area of Phenix City, where he raped and sodomized her. He then drove her near her home and let her go. The victim ran home and told her mother what had transpired, and her mother called the police. Appellant was subsequently arrested and ultimately found guilty of the aforementioned offenses. He now appeals from those convictions.
 I.
Appellant argues that the trial court erred in denying his motion for a mistrial. He contends that the court made statements during its opening remarks to the jury which were prejudicial and prevented him from receiving a fair trial.
The record reveals, inter alia, the following comments made by the trial court to the jury venire at the beginning of the voir dire:
 "Now, I might remind you, since I mentioned that name, a grand jury was impaneled and they heard this case and they determined that in their opinion these acts had been done and that probably the defendant did it. . . . We have a different — and you have a different function here today. The defendant in this case comes in here presumed to be innocent and I will talk with you more about that and the State, then, has the burden of proof. The State must prove to 12 of you who are finally selected beyond a reasonable doubt, not only that the act occurred but that he did it ir accordance with what I will charge you the law is. So, that will be the different structure. The grand jury has one responsibility and yours is entirely different and yours is a more severe judgment on this case." (Emphasis added.)
At the close of the court's voir dire and prior to the striking of the jury, the follow ing transpired out of the presence of the jury:
 "MR. BRITTON [defense counsel] Your Honor, at this point in time we would object to the statements that have been made to the jury by the Court and would move for a mistrial based on those statements. The Court has stated that grand jury has looked at this matter and that in their opinion the defendant committed the acts and has further stated — The Court further stated that the grand jury has found that the defendant probably did commit this crime. Judge, we think that those remarks were *Page 991 
highly prejudicial and that based upon those remarks having been made by the Court to the jury venire, that the defendant could not receive a fair and impartial trial and that the Court should grant a mistrial based upon that.
". . . .
 "THE COURT: All right, as to the motion for mistrial, the Court is going to deny that motion. I really don't or didn't think that the remarks were prejudicial but I am glad Mr. Britton pointed them out to me. I am going to take what I feel would be curative steps in the event they are inadmissible. So, I would overrule the motion."
Thereafter, the court stated the following to the venire:
 "Ladies and gentlemen, let me go over one matter with you very briefly. I had mentioned to you about the grand jury a little earlier. The real purpose for that — going over the grand jury — was to just let you know there was a different burden of proof today on you. The State has a much higher burden of proof for 12 jurors than is required before the grand jury. Now, the grand jury returns what we call indictments. Now, this indictment the grand jury returned is not evidence for you to consider in the course of this trial. Of course, while the grand jury gets legal evidence, they are not bound to the strictness that you are going to be bound. All they have to do is make a determination that some act occurred and then they determine whether or not they have a probable cause to issue an indictment against a person. They don't have to prove that he did the act. They are not bound that tightly. That is why this indictment is not considered as evidence for you to consider. I will tell you again that you can't consider the fact, it is just the way this case gets started.
 "In a civil case if someone was going to sue you, they would file a complaint with this court and someone would deliver it to you and that is the way you know you are sued. This indictment is the way people know that they have been charged with an offense. It has no bearing at all for you to consider as evidence in this case as to guilt. Just do not consider it. The weight that you are to give to the evidence will be one that I will explain to you later."
The jury was impaneled, and then the court made the following comments:
 "Let me briefly explain to you now how a trial progresses so that you will get some idea — some of you have not served on a jury before. As I told you earlier, this case comes to you on an indictment. The district attorney, I am sure, will tell you the charges again. I already told you that when I qualified you. The indictment was returned by another jury, a grand jury; that is, 18 people. That indictment is not evidence for you to consider in this case at all.
 "Now, I mentioned it to you simply to show you the way a case comes to you. Now, when that indictment was read to the defendant in each of those cases, he said, 'I am not guilty of that offense.' And today by being here in the courtroom, he says to you, 'I am not guilty of those offenses that I am charged with.'
 "Now, the defendant has a presumption of innocence about him. I mentioned that earlier and I will probably tell you again in my closing charge to you. He is presumed to be innocent of those charges when they come to you in the courtroom. That is the only thing that I will tell you that is a matter of evidence that he is entitled to.
 "Throughout this trial unless and until it happens, the State proves to you beyond a reasonable doubt and to a moral certainty that he is guilty of that offense and not until that time if that occurs would he lose that presumption of innocence.
 "So, where is the burden of proof? The burden is on the State of Alabama to prove to you beyond a reasonable doubt and to a moral certainty the defendant is guilty of these things that they have charged in these indictments.
 "Now, where do you make your decision? Not from anything the grand jury says or does and not from anything I *Page 992 
say. You don't make a decision from anything the attorneys tell you. Your decision is made from the evidence you hear from whoever testifies up here in this chair. This is where you get your evidence."
Appellant contends that the trial court's statements concerning the grand jury's finding that some act had been committed and that the defendant probably did it severely prejudiced him and that the court's attempt to cure was not only unsuccessful but further compounded the error by reiterating that the grand jury had found that some act occurred and, by issuing the indictment, had found probable cause to believe that appellant did the act. We agree.
"The determination of the prejudicial character of improper conduct and comments of a trial judge in most cases depends on the issues, parties, and general circumstances of each case."Thompson v. State, 503 So.2d 871, 879 (Ala.Cr.App. 1986), aff'd, 503 So.2d 887 (Ala. 1987), cert. denied, 484 U.S. 872,108 S.Ct. 204, 98 L.Ed.2d 155 (1987). However, in any case, the trial "court should 'scrupulously refrain from injecting the tremendous weight of its office to influence the jury one way or the other.' Bolton v. State, 23 Ala. App. 470, 127 So. 255
(1930)." McCovery v. State, 365 So.2d 358, 361 (Ala.Cr.App. 1978)." Any court declaration prejudicing the accused in the minds of the jury is error necessitating a reversal whether the remarks are made before or after the jury is impaneled."Gulledge v. State, 526 So.2d 654, 657 (Ala.Cr.App. 1988).
Here, while explaining to the jury venire the presumption of innocence with which appellant is clothed, the trial judge stripped away that presumption by disclosing to the venire the fact that, after hearing the evidence, the grand jury had already found that appellant probably committed the offense. The trial court further prejudiced appellant by affirmatively commenting that the grand jury had determined that the alleged offenses, in fact, had been done, especially in light of appellant's defense that none of the charged offenses occurred. These statements were misleading and created bias in the minds of the jurors against appellant's cause. See State v. Onidas,635 S.W.2d 516 (Tenn. 1982) (wherein the court held to be reversible error the prosecutor's comment that the judge of city court and the grand jury had already determined that there was probable cause to believe that the crime charged had been committed and that the defendant had committed it.)
We agree with the state that the law is well settled that, when the "trial court promptly charges the jury to disregard improper remarks, there is a presumption against error and the prejudicial effects thereof are removed." Haywood v. State,501 So.2d 515, 519 (Ala.Cr.App. 1986). We also agree that the declaration of a mistrial is a matter within the sound discretion of the trial court. Id. However, assuming, arguendo, that this error could have been cured, we do not agree that the court's attempt, in this case, to eradicate the prejudicial effect through its "curative instructions" was sufficient. In its immediate instruction, the court reiterated and, thus, emphasized the prejudicial remark by again commenting, "All they have to do is make a determination that some act occurred and then they determine whether or not they have a probable cause to issue an indictment against a person." Furthermore, the court alluded to the impression that the grand jury was not restricted to the same facts that the petit jury would hear. Cf. Ex parte Washington, 507 So.2d 1360, 1361 (Ala. 1986) (wherein the court held that the prosecutor's comment — "there are certain things, because of our rules that we cannot present to you" — was prejudicial error). This inference can be gathered from the trial court's comment "Of course, while the grand jury gets legal evidence, they are not bound to the strictness that you are going to be bound." Moreover, we note that the trial court did not instruct the venire to disregard the comment under scrutiny. Finally, we do not have the assurance of the prejudice's eradication that arises from negative answers from a polling of the venire. See, *Page 993 
e.g., Minor v. State, 402 So.2d 1121 (Ala.Cr.App. 1981).
Accordingly, we find that this cause must be reversed and remanded.
REVERSED AND REMANDED.
All Judges concur.