This is an appeal from a judgment entered on a jury verdict in favor of James E. Reed and against Standard Furniture Manufacturing Company, Inc. ("Standard Furniture"), based on Reed's claim of fraudulent misrepresentation. We affirm.
James Reed, a 24 1/2-year employee of Standard Furniture, participated in the company's pension plan that was established soon after Mr. Reed became employed by Standard Furniture. Reed claims that he was told by his immediate supervisor, Hugh Dixon, that if he took an early retirement, he would receive a lump sum payment of $38,000 from the pension plan.
After his discussion with Dixon, Reed says, he decided to take an early retirement. Reed claims that, on his last day of work, he met with Mr. Gray, the administrator of the pension plan, and that Mr. Gray agreed with the $38,000 figure stated by Dixon. Gray, however, maintains that this meeting never took place. *Page 391 
After retiring, Reed was offered only $11,242.82 from the pension plan. Reed sued Standard Furniture for damages based on an alleged fraudulent misrepresentation, claiming that he would not have taken the early retirement but for the promise of receiving $38,000 from the pension plan. After a jury trial, Reed was awarded $57,000 in damages, and the trial court entered judgment on the jury's verdict. From that judgment, Standard Furniture appeals.
The first issue presented is whether the trial court erred in denying Standard Furniture's motions for directed verdict at the close of all the evidence and for judgment notwithstanding the verdict.
The standard of review for testing the sufficiency of the evidence when the sufficiency is challenged by either a motion for directed verdict or a motion for JNOV is the "substantial evidence rule" set out at Ala. Code 1975, § 12-21-12(d):
 "Substantial evidence shall mean evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact sought to be proven."
See also Rowden v. Tomlinson, 538 So.2d 15, 18 (Ala. 1989) (Jones, J., concurring specially).
Applying this standard to the facts before us, we find that there was presented such evidence that "reasonable and fairminded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact sought to be proven."
To prove fraud, a plaintiff must allege and prove each of the following elements: 1) a false representation of 2) a material fact, 3) which was relied upon by the plaintiff, 4) who was damaged 5) as a result of his reliance. Ala. Code 1975, §6-5-101. When promissory fraud is alleged, two additional elements must be proved: 1) that the misrepresentation was made with a present intent to deceive and 2) that, at the time the misrepresentations were made, the defendant intended not to perform. Leisure American Resorts, Inc. v. Knutilla,547 So.2d 424 (Ala. 1989) (citing Selby v. Quartrol Corp., 514 So.2d 1294
(Ala. 1987)); and Coastal Concrete Co. v. Patterson,503 So.2d 824 (Ala. 1987).
Standard Furniture argues that, because Reed testified that he relied upon the statements made by Dixon, there can be no reliance on statements later made by Gray, the administrator of the pension plan and one of the trustees of the plan. Under the circumstances of this case, however, that is not so. Standard Furniture is the defendant in this case, and any agent speaking within the scope and authority of his employment with that corporation speaks for that corporation. The evidence was sufficient to support a finding of a principal-agent relationship between Standard Furniture and Gray; therefore, the statements of Gray were statements of Standard Furniture. We also conclude that the jury could have reasonably inferred from the evidence that Reed had reasonably relied upon Gray's representations.
Consequently, Reed's claim of fraud was not vitiated by his decision to take an early retirement before speaking with Gray. There is evidence that Reed informed Gray that he had been told that he would receive $38,000 upon his early retirement, and that Gray said, "[I]t's somewhere in that neighborhood," thereby ratifying the statement made by Dixon. "Even if the fraud was initially beyond the scope of the agent's authority, the employer will be liable where the fraud is ratified."Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297 (Ala. 1986).
Further, because of Gray's position in the company as administrator of the pension plan and as a superior to Reed, Gray had a duty to disclose to Reed that the $38,000 figure either was not, or did not sound, correct. Ala. Code 1975, §6-5-102, provides: "Suppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." Gray was in a position *Page 392 
of trust, serving as administrator of the pension plan; there was evidence that when he was told by Reed of the amount of $38,000, Gray responded affirmatively. Having the means of acquiring knowledge is the equivalent of having knowledge (seeJ.S. Carroll Merc. Co. v. Harrell, 199 Ala. 87, 74 So. 252
(1917)), and Gray had a duty to correct Reed if he knew, or could have learned, that the $38,000 figure was, in fact, wrong.
Standard Furniture asserts that Reed failed to prove the two additional elements necessary for promissory fraud: 1) present intent to deceive, and 2) intention not to perform. However, this Court has often recognized that intent to deceive is an issue "peculiarly within the province of the trier of facts."Hodges v. Pittman, 530 So.2d 817, 819 (Ala. 1988). See, also,Super Valu Stores, Inc. v. Peterson, 506 So.2d 317 (Ala. 1987); and Southeastern Properties, Inc. v. Lee, 368 So.2d 288 (Ala. 1979). Nonetheless, this Court has written:
 " ' "Unless the plaintiff puts forth some proof that there was something more than a failure to perform, something upon which a jury could infer that at the time the promise was made the defendant had no intention of performing, it is error to submit a fraud claim to the jury." ' "
Hodges v. Pittman, supra. at 819 (quoting Martin v. AmericanMedical International, Inc., 516 So.2d 640, 642 (Ala. 1987), quoting other cases).
In looking at the particular circumstances under which Gray made the alleged statement, this Court holds that the issue of intent was properly presented to the jury. Gray was the administrator of the pension plan, apparently having more knowledge of the plan than the average employee. Gray testified that, when he spoke with Dixon about Reed's retirement, Reed was already "out of the way." Gray also testified that he interviews "everyone that terminates," and that his doing so is standard procedure at Standard Furniture. After making that statement, however, Gray testified that he had never met with Reed upon Reed's taking an early retirement. From these facts it is possible that a jury "could infer that at the time the promise was made the defendant had no intention of performing."Hodges v. Pittman, supra at 819.
We address the "promissory fraud" argument because it is the argument made by Standard Furniture. By doing so, however, we do not mean to be understood as agreeing that the misrepresentation in this case constitutes promissory fraud, i.e., a misrepresentation of an event to occur in the future. The agents of Standard Furniture represented a present fact: the amount Reed would receive in the future based upon the present state of the pension fund. Accordingly, Reed needed only to prove that the facts represented were false and that they were either intentionally or recklessly misrepresented. (For a case raising a similar issue under similar facts, seeFrazier v. City of Mobile, [Ms. 89-239, September 28, 1990] (Ala. 1990).)
Standard Furniture further argues that Reed's reliance on the alleged misrepresentation was not reasonable. It relies heavily upon Torres v. State Farm Fire Casualty Co., 438 So.2d 757
(Ala. 1983), which holds that "[I]f the circumstances are such that a reasonably prudent person who exercised ordinary care would have discovered the true facts, the plaintiffs should not recover." However, this Court has recently redefined the standard for determining reliance:
 "A plaintiff, given the particular facts of his knowledge, understanding, and present ability to fully comprehend the nature of the subject transaction and its ramifications, has not justifiably relied on the defendant's representation if that representation is 'one so patently and obviously false that he must have closed his eyes to avoid the discovery of the truth.' "
Hickox v. Stover, 551 So.2d 259, 263 (Ala. 1989) (quotingSouthern States Ford, Inc. v. Proctor, 541 So.2d 1081 (Ala. 1989) (Hornsby, C.J., concurring specially)).
Applying this redefined standard to this case, we conclude that Reed could have *Page 393 
justifiably relied on the alleged misrepresentation made to him and, therefore, that the issue was properly submitted to the jury. Reed was the service manager for Standard Furniture, in charge of maintenance for the trucks and forklifts belonging to the company. There is no evidence that he had any special knowledge of the pension plan. In fact, there was testimony that Reed had never seen a copy of the plan. However, Gray, the Standard Furniture employee with whom Reed says he talked on Reed's last day of work at Standard Furniture, was administrator of the plan. The evidence does not require a finding that Reed "closed his eyes to avoid the discovery of the truth" Hickox, supra, and we hold that the trial court properly denied Standard Furniture's motions for directed verdict and J.N.O.V.
Standard Furniture also asserts that the trial court erred in denying its post-judgment motion for new trial. It argues that the trial court improperly admitted the testimony of witness Barney Lawley, an employee of Standard Furniture, who testified regarding a conversation he said he overheard between Reed and Dixon. Standard Furniture argues that the substance of the conversation is inadmissible because, it says, Dixon, Reed's superior, was not speaking to Reed as an agent of Standard Furniture and was not acting within the scope of authority granted him by Standard Furniture.
Reed, on the other hand, urges us to apply the subjective test found in Russellville Flower Craft Inc. v. Searcy,452 So.2d 478 (Ala. 1984): "It is axiomatic that rulings as to the admissibility of evidence [with respect to relevancy] rest largely within the discretion of the trial court. Such rulings will not be disturbed on appeal in the absence of [an] abuse of discretion." 452 So.2d at 480.
Dixon was, without question, an agent of Standard Furniture. However, for his actions to bind the corporation, Dixon must have been acting with either express, implied, or apparent authority. Lawler Mobile Homes, Inc. v. Tarver, supra. Nothing in the record supports a finding that Dixon had express or implied authority to make the statements regarding Reed's retirement benefits. Therefore, in order for Dixon's statements to Reed regarding retirement benefits, as testified to by Lawley, to be admissible against Standard Furniture, it must be found that Dixon had apparent authority. As noted by this Court in Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d at 304:
 "Apparent authority of an agent arises from the acts of the principal, either by omission or commission, and such authority is implied where the principal passively permits the agent to have the authority to act on his behalf."
The acts of Standard Furniture here, through the conduct of Gray, the administrator of the pension plan, and the conduct of Dixon, are sufficient to convey apparent authority to these employees. Dixon was vice president of Baldwin Leasing Company, an affiliate of Standard Furniture and had been Reed's immediate supervisor for 24 1/2 years. Reed reportedonly to Dixon and was justified in relying on the superior knowledge of his supervisor, even though his supervisor may not have been the exact employee responsible for the payment of the pension funds. A principal is liable for the fraud of its agent, committed in the course of his employment, where others rely on the fraudulent misrepresentations to their detriment.Arkel Land Co. v. Cagle, 445 So.2d 858, 862 (Ala. 1983).
In District 20, United Mine Workers of America v. Sams,287 Ala. 312, 318, 251 So.2d 613 (1971), this Court affirmed a judgment based on a jury verdict for the plaintiff, writing:
 "[The] evidence evidently believed by the jury was that an agent of the appellant union told the plaintiff that he could not receive his old-age pension at age 60 unless he continued to pay his union dues. This statement was [found to be] false and was [further] found by the jury to have been made with intent to deceive the plaintiff."
287 Ala at 318, 251 So.2d at 618. The evidence in Sams showed that the plaintiff was disabled and totally unable to work. *Page 394 
He had little education and could not see. He paid his union dues until age 60, being told by the union officer that he would collect his retirement benefits if he did so. The union refused to pay because the plaintiff had not worked the required time within the last 30 years prior to retirement.
The case here shows a similar reliance by the plaintiff on statements made by his supervisor. Reed testified that he was told by Dixon that he would receive a lump sum payment of his pension benefits of $38,000 if he retired early. He further testified that in a conversation with the administrator of the pension plan, the administrator agreed with this figure. While the administrator disputes that this conversation took place, the jury evidently believed the plaintiff and believed that he relied on the statement made by Dixon and, in reliance, retired early.
The testimony of Reed regarding the statement made by Gray, the administrator of the plan, was sufficient evidence for the jury to find that the statement by Dixon was ratified by the corporation. See Lawler Mobile Homes, Inc. v. Tarver, supra.
Under these facts and circumstances, we conclude that the trial court did not abuse its discretion in allowing into evidence the testimony of Lawley, as it pertained to the alleged statement made by Dixon to Reed regarding Reed's entitlement from the pension plan.
Accordingly, the judgment appealed from is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS and KENNEDY, JJ., concur.
MADDOX, HOUSTON and STEAGALL, JJ., dissent.