McMILLAN, Judge.
The appellant was convicted of rape in the first degree, in violation of § 13A-6-61, Code of Alabama 1975, and was sentenced to 45 years’ imprisonment.
The appellant argues that the trial court erred in admitting testimony from a police officer describing sexually oriented material found within the appellant’s vehicle when it was searched several days after the crime.
The testimony of the officer is as follows:
“Q [District attorney]: Okay. And pursuant to that consent, what did you find inside the [vehicle]?
“A I found an assortment of nude magazines—
“[Defense counsel]: Your Honor, I want — Your Honor, I’m going to object to this. I don’t see what that has to do with this case. This man is charged with rape in the first degree. I don’t see what nude magazines [have] any material relevance to this case.
“THE COURT: I’ll overrule. It’s part of the res gestae. It was located where?
“THE WITNESS: In the truck.
“THE COURT: All right. I’ll overrule.”
After further testimony about the magazines, the trial judge asked the attorneys to approach the bench, whereupon the following discussion occurred outside the hearing of the jury:
“THE COURT: Are you trying to connect them [magazines] in some way other than — I mean, is there something that I’m not familiar with? That’s the reason I allowed you to go forward.
“[District attorney]: This would be what—
“THE COURT: I mean, is there going to be any testimony that—
“[District attorney]: Just found in his [vehicle].
“THE COURT: All right. You hadn’t offered them yet, but I’m going to sustain an objection as to relevancy unless you can connect them in some manner to the case.
“[District attorney]: Okay.
“THE COURT: I mean, is there going to be some testimony about them from the victim or something in that manner? “[District attorney]: No.
*40 “THE COURT: Unless they’re connected, I’ll sustain the objection.
“[District attorney]: They are—
“THE COURT: Well, they were just marked.
“(WHEREUPON, the following proceeding occurred in the presence of the jury:) “THE COURT: Ladies and gentlemen, let me give you an instruction. And I’ll explain it to you again at the conclusion of the case. Evidence comes to you in one of several ways, certainly from the witnesses’ testimony, as I've told you, and then any exhibits. Some exhibits will be marked for identification. Others will be admitted into evidence in the ease. All the exhibits that are admitted into evidence will go back with you to the jury room. Those will be the exhibits. There will be, very often in cases, exhibits marked that may or may not be admitted. But you will have the exhibits that are admitted, and those will be the exhibits you’ll consider along with all the other evidence in the case.
“All right. Go ahead, sir.
“[District attorney]: Nothing further, Your Honor.”
The trial judge apparently attempted to eradicate any prejudice which might have resulted from the improper admission of the magazines and testimony regarding the magazines. However, the instructions do not specifically admonish the jury to disregard the aforementioned evidence or make any reference to the officer’s testimony concerning the magazines, other than to say that the witnesses’ testimony constitutes evidence. Therefore, the judgment in this case is due to be reversed and the case remanded. See Parker v. State, 549 So.2d 989, 992-93 (Ala.Cr.App.1989).
REVERSED AND REMANDED.
All Judges concur except TAYLOR, J., concurring in result only without opinion.